**Shakeh BARSOUMIAN and Hagop Barsoumian, Plaintiffs,**

v.

**Julia SZOZDA and Karen Francesconi, Defendants.**

**No. 85 Civ. 4542 (LFM).**

United States District Court, S.D. New York.

Dec. 16, 1985.

Schwartz & Greenberg, by Edward D. Greenberg, New York City, for plaintiffs.

Alexander, Ash, Schwartz & Cohen by Michael K. Berman, New York City, for Julia Szozda.

Leahey & Johnson, P.C. by William G. Murphy, New York City, for Karen Francesconi.

## OPINION

MacMAHON, District Judge.

Plaintiffs move, pursuant to Rule 60(b)(1), Fed.R.Civ.P., to vacate the October 15, 1985 order of this court dismissing this action for failure to prosecute. Defend-ants cross-move, pursuant to Rule 16(f), Fed.R.Civ.P., for costs and attorneys' fees.

This action was dismissed because plaintiffs' counsel, Edward D. Greenberg, despite due notice, failed to appear at a pretrial conference held on October 15, 1985. Mr. Greenberg admits that he received notice of the pretrial conference and that he did not ask for an adjournment. Indeed, the Greenberg firm notified defendants' attorneys of the date and time of the conference.

Mr. Greenberg asserts that he did not appear because he had incorrectly noted in his diary that the pretrial conference was scheduled for October 17, 1985. He argues that his mistake does not mandate dismissal of this case.

We do not believe that Mr. Greenberg's action is excusable. *See Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). However, plaintiffs should not have to suffer the consequences of their attorney's negligence, and they should not be left to pursue their remedies against Mr. Greenberg and his firm. Rather, appropriate sanctions here are the payment of costs and attorneys' fees.

We estimate $300 as reasonable attorneys' fees to defendants' counsel for wasted time spent in preparation, attendance and participation in the pretrial conference. Further, since we must schedule and hold a duplicative pretrial conference, we impose court costs of $200 on plaintiffs' counsel for "having so multiplied the proceedings as to increase costs unreasonably." *Bardin v. Mondon*, 298 F.2d 235, 238 (2d Cir. 1961).

Accordingly, plaintiffs' motion to vacate the dismissal of this action is granted upon condition that plaintiffs' counsel pay $300 in attorneys' fees to defendants' counsel and $200 in costs to the Clerk of this court within ten (10) days. These expenses shall be paid by plaintiffs' counsel without recourse to his clients, and the expenses shall not be taxed or charged as costs in this action.

Settle order on notice within ten (10) days accompanied by proof of compliance with the foregoing.