**Riveree C. HARRELL, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 86–62–CIV–7.

United States District Court, E.D. North Carolina, Wilmington Division.

Sept. 10, 1987.

---

Riveree C. Harrell, Jr., Mount Olive, N.C., pro se.

R.A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for U.S.

## ORDER

WALLACE W. DIXON, United States Magistrate.

This matter is before the court on the government's motion to reconsider this court's order of August 21, 1987, sanctioning defense counsel for his failure to attend a scheduled final pre-trial conference in the case *sub judice* in Wilmington and ordering the payment of a $100 fine as well as plaintiff's costs incurred.[1] Upon thorough review of defendant's motion, memorandum of law, affidavits, and the record, the court is convinced that the order should be modified. However, in reaching this conclusion, the court will address the arguments raised by counsel in the motion.

The government initially argues that the $100.00 sanction was impermissibly punitive and, for it to be imposed, counsel must first be found in criminal contempt of court which he was not. This argument is meritless. Direct authority for imposition of the

---

1. Defendant's motion to reconsider is directed solely at the $100.00 assessment. There is no request to reconsider the order for payment of plaintiff's costs.

sanction issued is found in Fed.R.Civ.P. 16(f):

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, *the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judgment shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule,* including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. (emphasis added).

Thus, Rule 16(f), as amended in 1983, expressly provides for the imposition of sanctions. It lists four kinds of behavior that will trigger such an order: (1) a party's or an attorney's failure to obey a scheduling or pre-trial order; (2) an attorney's or a party's failure to appear at a pre-trial conference; (3) being substantially unprepared to participate in a pre-trial conference; and, (4) failure to participate in good faith. The references to specific sanctions in Rule 16(f) are not exhaustive. Wright, Miller and Kane, *Federal Practice & Procedure:* Civil § 1524 (1986 Supp.). The Advisory Committee Notes to the Rule indicate that the imposition of sanctions is meant to "[reenforce] the rule's intention to encourage forceful judicial management." Accordingly, the court should design an appropriate sanction to fit the violation. *Id.* As the Notes state, "the court has discretion to impose whichever sanction it feels is appropriate under the circumstances."

■ Unlike Rule 11, for example, Rule 16 proscribes certain acts regardless of purpose. Failure to attend a scheduled pre-trial conference falls within this category. Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of the Rule. So long as the court is convinced counsel or his office received proper and timely notice, a negligent failure to attend the scheduled conference amounts to a violation of the Rule.

Reasonable fines have long been considered an appropriate sanction in federal courts in general, and this district specifically, for counsel's failure to attend scheduled conferences with and hearings in the court. Defendant argues that the imposition of any fine is punitive and may only be ordered in conjunction with a finding of criminal contempt. This argument severely misconstrues the nature of and reason for imposition of a fine such as the one at bar.

■ The mere fact that counsel is fined does not inexorably lead to the conclusion that the court has imposed punishment. *See United States v. Salerno,* —— U.S. ——, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). To determine whether the court's action constitutes impermissible punishment or simply permissible regulation, the intent of the action and its statutory predicate must be examined. *Id.* Unless Congress in the statute and the court by its action expressly intended to impose punitive restrictions, the punitive/regulatory distinction turns on "whether an alternative purpose to which [the action] may rationally be connected is assignable first, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Id. quoting Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963).

Here, Rule 16(f) clearly is designed to assist the court in "forcefully managing" the directive of amended Rule 16 to render the final pre-trial conference an effective and efficient pre-trial management tool. The 1983 amendments to Rule 16 attempt to make it more responsive to the needs of modern litigation. And, counsel's presence at the final pre-trial conference was considered imperative by the Rule's drafters if the goals of improving the quality of trial,

facilitating settlement and discouraging wasteful pre-trial and trial activities were to be obtained. Rule 16(f) simply provides a series of alternatives from which the court may choose to regulate the conduct of counsel and the parties during this process. The rule was not formulated with punitive intent, rather it was perceived as a necessary component within a series of amendments designed to serve a pressing procedural problem in the federal courts.

In the case at bar, I fully recognize that counsel's failure to attend the scheduled conference was not deliberate or even reckless. But, the thrust of the rule seeks to enable the court to effectively and forcefully manage its docket for the accomplishment of the salutary objection of the expeditious administration of justice. Thus, the rule provides methods for the regulation of parties and attorneys and provides remedial means for the court to achieve that end. Fines as a sanction for the failure to attend a scheduled pre-trial conference are clearly contemplated among those remedial actions made available through Rule 16.

■■■ Counsel next argues that imposition of the fine violated due process because he was afforded no opportunity to be heard and present evidence. The court disagrees. Unlike Rule 37, Rule 16(f) does not by its terms require any hearing prior to the imposition of sanctions. However, even construing the Rule as regulatory and not punitive, I generally agree with defendant that sanctions should not issue absent notice and an opportunity to be heard. *See Ford v. Alfaro*, 785 F.2d 835 (9th Cir.1986). Although perhaps the court could have procedurally handled the matter at bar in a more efficient manner, counsel has now been provided notice and an ample opportunity to be heard. First, prior to the issuance of the written order in this case, counsel was notified orally by the court at the rescheduled pre-trial conference in Fayetteville that such an order was likely forthcoming. The decision to enter such an order was not made until after the court reviewed the record and discussed counsel's absence with him on the telephone the day after the scheduled Wilmington confer-

ence. Second, at the Fayetteville conference, counsel was explicitly informed that in lieu of paying the fine within the five day period specified in the order, counsel could move to reconsider the order and present any evidence or arguments he chose to in the form of affidavits and a memorandum of law. Counsel was assured the court would fully reconsider the imposition of sanctions based on his submissions and, if a further hearing was deemed necessary, one would be scheduled. Short of conducting a separate evidentiary hearing, I have afforded counsel an opportunity to be heard and have fully considered his arguments.

Furthermore, I see no point in convening an evidentiary hearing. The court is well acquainted with the offices, court officials, and procedures involved in the matter and has taken all of these factors into consideration in drafting this and its previous order. Defendant and counsel have, albeit somewhat belatedly, received due process in this case.

■■■ Third, counsel argues that the facts at bar do not justify the imposition of a fine since his conduct was excusable and, at most, negligent. Although I do so reluctantly, basic fairness compels a sympathetic view of counsel's argument. For the reasons which I will briefly review below, I find it difficult to believe counsel's office was not notified in this case by calendar of the scheduled conference. Nevertheless, that does loom as a possibility which calls for modification of the sanction order.

The docket, maintained in Wilmington, reflects notices of the scheduled conference and trial dates were sent out by *separate* calendars from the Clerk's Office in Raleigh on May 29, 1987. The calendar listing cases for final pre-trial conference accurately lists this case for conference at 4:00 o'clock p.m. on August 10, 1987, in Wilmington. The trial calendar accurately lists this case for trial on September 14, 1987, in Wilmington. In this district, pre-trial and trial calendars are *always* issued simultaneously—one never issues without the other, but they are separate documents.

Both calendars list Mr. Renfer as counsel for the defendant in this case.

The calendars further indicate notices being sent to Mr. Renfer, plaintiff, my office (and Judge Fox's in the case of the trial calendar), and the Wilmington Division Clerk's Office. Plaintiff received his notice and was in court. My office received notice and court was in session. The Clerk of Court in Wilmington promptly received her notice as reflected on the docket sheet. All other counsel and *pro se* parties on the calendar, (14), including those listed directly above and below Mr. Renfer on both mailing and distribution lists attached to the respective calendars, received their notices.

Counsel argues that it is just as plausible the calendars were lost by the U.S. Postal Service or not mailed by the Clerk of Court. My familiarity with the practice employed by the Clerk in mailing calendars, notices, etc. teaches me that the Deputy Clerk, whose responsibility it is to prepare and distribute the calendars at issue, routinely xeroxes them upon completion and immediately places said copies in the mail at the Federal Courthouse/Post Office in Raleigh. Both the trial and pre-trial calendars contain their own independent mailing and distribution lists. These lists are typed on removeable adhesive mailing labels, thus, an error in failing to distribute one calendar, let alone two, is almost impossible. Once the envelope is labeled, the calendar is inserted and promptly mailed.

The defendant was listed on the August 10 pre-trial calendar as a defendant in two of the six scheduled cases, and on the September 14 trial calendar, in three of the seven. Mr. Renfer was the counsel of record for the government in all three, sharing responsibilities with counsel from the Department of Justice (DOJ) in two of those cases. Every other party and attorney on both the pre-trial and trial calendars received their calendars, including all appropriate members of the court staff, except, goes the argument, the defendant. The notices were all mailed or placed in the appropriate boxes in the Clerk's Office for court mail or hand pick-up at the same time. The defendant was a dominant figure on both calendars. In two of the three government cases, co-counsel at DOJ received their calendars in a timely fashion, with one case being heard at final pre-trial in Wilmington and the other settling the day before the scheduled conference.[2] In sum, there is little doubt the calendars at issue left the Clerk's Office properly headed for the Office of the United States Attorney.

In addition, the mail is sent in envelopes with a clearly fixed return mail address to the Clerk's Office in Raleigh and, as the mailing labels to the calendars indicate, the Assistant United States Attorney's name and designation is likewise clearly delineated as the recipient. So, assuming *arguendo*, that the mailing got mishandled, eventually one would expect it to resurface at either the Clerk's Office or the Office of the United States Attorney. It was never returned to the Clerk's Office. With every other calendar mailed promptly delivered, it stretches the imagination to suggest that the mailing to the United States Attorney was forever lost by the Postal Service. All parties in the legal arena are bound by rule and practice on the firmly rooted presumption that mail accurately addressed and properly posted is delivered. To hold otherwise would allow negligent counsel or parties in any case to offer as a foolproof excuse to sanctions the argument that the calendar was never received from the Clerk and must have been lost in the mail. However, counsel's filing considered as a whole does raise the specter of that possibility which I must accept.

However, in doing so, I also note that the timing of the scheduled conference in this case leads to the conclusion that, regardless of the calendar, counsel has failed to timely review the case at bar. On November 26, 1986, the court issued a standard order on discovery stating, *inter alia*, that "cases are currently being docketed for trial within 60 to 120 days after discovery

---

2. In addition, I find it remarkable that co-counsel never communicated between May and August in either of the cases where a DOJ attorney was also listed of record with Renfer.

terminates, with a final pre-trial conference scheduled approximately two weeks prior to trial." As counsel well knows, calendars in this district are devised based on a scheduling order entered in each case. This order contains a date for the close of discovery and one for the filing of all pretrial motions. These dates form the predicate for the calendars and, if they are belatedly extended, often a calendar has already issued scheduling the case for trial, thus necessitating a continuance of the case off the trial calendar.

In this case, a scheduling order issued on March 4, 1987, closing discovery on April 17, 1987. Thus, according to the court's prior discovery order, counsel should have known that this case would be scheduled for *trial* sometime between June 17 and August 17, with a pre-trial conference two weeks prior to the final setting. Any reasonable tickler system would have alerted counsel long before August 10 to check the status of this case with regard to pre-trial motions, a final pre-trial conference, and trial setting. If counsel had inquired in even a cursory fashion, the scheduled dates would have been discovered.[3] Moreover, nothing in the record indicates any contact between defense counsel and this *pro se* plaintiff during the last few months of the case despite the formal close of discovery and the rapidly approaching trial date. To the contrary, plaintiff informed the court in Wilmington that he had never met or spoken with defense counsel. The responsibilities incumbent on attorneys at final pre-trial should have alerted counsel of the necessity of reviewing his file. Admittedly, the responsibility for arranging the attorney conference to prepare for final pre-trial rests with the plaintiff. Local Rule 25.01, E.D.N.C. However, it is encumbent upon

counsel to confer and prepare for the conference. *Id.* An attorney opposed only by a *pro se* litigant is not permitted to sit back blithly and not discharge the responsibility to confer simply because there is not an attorney on the other side.

Finally, as if to point out merit in this court's conclusion that counsel's office negligently failed to monitor this case, defendant's response to the court's order of August 21 was filed in a blatantly untimely manner. The order of August 21 expressly provided that counsel was to pay the One Hundred Dollar ($100.00) fine and plaintiff's reasonable expenses "to the Clerk of Court within five (5) days of the date of service of this order." Giving counsel the benefit of the three day mail rule and excluding weekends, Fed.R.Civ.P. 6(a), the government should have complied with or moved to reconsider the order by the close of business on Wednesday, September 2. September 2 came and went without compliance or a motion, as did September 3. Finally, on the afternoon of September 4, the court telephoned counsel for defendant to inquire into counsel's bewildering failure to either comply or respond. It was apparent from that conversation that counsel had misread the order or failed to properly compute his response time. Counsel's statement to me clearly indicated his assumption that he had 10 days in which to act on the order, either in complying, appealing, or in seeking reconsideration. However, the order required counsel's action within 5 days. In this circumstance, where the court has directed action by a date certain, counsel must affirmatively respond or seek enlargement of time within the time prescribed by the court. Rule 6(b), Fed.R.Civ.P.[4] I have no quarrel with

---

**3.** Counsel cannot rely on plaintiff's untimely May 12, 1987, motion to extend time to respond to defendant's interrogatories as an excuse for why review of the status of this case was not necessary. This motion and the order granting it occurred nearly a month after discovery closed, and it is that discovery date upon which the calendars are predicated. Counsel and his office are well aware of that fact. After all, the calendars are prepared months in advance of trial to provide counsel with adequate notice and time to prepare. The Clerk cannot be ex-

pected to formulate a calendar considering belated extensions of time to respond to single discovery requests. The system reasonably functions on the premise that the scheduling order controls for trial settings, and if discovery needs to be extended and that extension affects a trial date, the trial will simply be continued off the calendar.

**4.** Rule 6(b)'s implication is that when a court directs an act to be done within a specified time, that direction must be followed within the time

the appeal of the order, and my comments here are not directed at counsel's pursuit of that avenue. Clearly appeal times are governed by the appropriate rules. However, when the court directs action by an attorney or a party within a time certain less than 10 days, he is not permitted to assume that a larger time period in which to seek reconsideration is automatically available without an application for extension. Given the circumstances of the issue *sub judice*, counsel's action, at a minimum, made a bad situation worse. Since it was untimely, the response clearly could be ignored, but in fairness to the defendant and counsel, the court has chosen not to do so. Nevertheless, the failure to timely comply with the August 21 order, and my oral modification of that order allowing a motion to reconsider within the same period of time, significantly strengthens the court's view that counsel has failed to timely monitor the progress of this case.

However, as noted, giving due consideration to counsel's filings, the affidavits are such that I must consider the possibility that properly posted mail did not arrive at his office. While that seems unlikely, particularly in view of the circumstances detailed above, I have no reason to doubt the affidavits. For that reason, the fine sanction is stricken. But, because I remain firmly convinced that counsel and his staff has failed to properly monitor the progress of this case, the sanction of a censure is appropriate and counsel is reminded that this action will not be tolerated in the future. For counsel's benefit, I am assuming that the mistake in this case was that of the Postal Service. Counsel should not presume that the court will make that beneficent assumption again. The Clerk's scheduling order entered pursuant to Rule 16, routinely done in every case, is for the use and benefit of the parties as well as the court and plainly notifies all parties early on in the case of the anticipated schedule to

be followed by the court. If attorneys have not used that order as a guide in the past, clearly they should have been and henceforth they must. This court has regularly moved cases on a fast track, all attorneys are aware of that, and they must conform their actions accordingly. Notices regarding anticipated schedules of the court must remind parties and attorneys of their obligations to be present when the court directs and to be prepared for such proceedings as required by the court. If discovery is scheduled to be completed within 120 days, the parties must note that completion date and, absent a motion for extension, abide by it. If the parties are noticed of an anticipated pre-trial and trial date then, absent a motion to continue, they must conform their schedules accordingly and abide by the notice. It does not require too much of attorneys to anticipate schedules four and six months in advance.

Accordingly, with the hope that the moderate sanction issued serves its intended salutary effect, defendant's motion to reconsider is ALLOWED to the extent that the fine sanction is STRICKEN. In its stead, the court imposes the sanction of censure against Mr. Renfer and the Office of the United States Attorney. Appeal of this order lies to Judge Fox and, given the caption of defendant's September 4 pleading, this order and the record should be forwarded to Judge Fox for his immediate review. Furthermore, since defendant did not move to reconsider the assessment of plaintiff's travel costs nor has defendant sought to appeal the court's ruling in this regard, defendant, as it should have already done but failed to do, shall forward that payment to the Clerk of Court in Wilmington for distribution to the plaintiff *immediately* upon receipt of this order.

So that the other judges and magistrates are made aware of these developments and the seriousness with which I view them, I

allowed or the party must seek an enlargement of the time before the expiration of the period originally prescribed. As an alternative, the rule allows for a motion after the expiration of the specified period where the failure to act was the result of excusable neglect. Here, counsel

neither acted within the specified time, nor sought an enlargement within the specified time, nor has he moved for an enlargement outside the specified time on the basis of excusable neglect.

am directing the Clerk to distribute a copy of this order to each.

SO ORDERED.