In re Richard SIEGEL, Debtor.

Bankruptcy No. 95–12227 B.

United States Bankruptcy Court,
W.D. New York.

Dec. 24, 1996.

Gross, Shuman, Brizdle & Gilfillan, P.C. (Robert J. Feldman, of counsel), Buffalo, NY, for Debtor.

John H. Heyer, Olean, NY, Trustee/Respondent.

CARL L. BUCKI, Bankruptcy Judge.

Richard Siegel, the debtor in this Chapter 7 proceeding, has moved under section 554(b) of the Bankruptcy Code to compel the trustee's abandonment of a joint interest in property that the debtor and his non-debtor spouse claim as a homestead. At issue is whether the debtor may preclude the administration of an asset whose sale is suspended as a consequence of protections afforded to the non-debtor spouse under 11 U.S.C. § 363(h).

Richard Siegel and his non-debtor spouse reside in a single family home located at 278 Cuba Lake in Cuba, New York. The house is situated on approximately one acre of land that Mr. and Mrs. Siegel have leased from the State of New York since 1974. The debtor argues that the leasehold character of the property may affect its marketability. Any such impediment, however, has deterred neither the property's improvement nor the Siegels' ability to secure mortgage financing. Although the property would likely have a higher worth if owned in fee simple absolute, the debtor acknowledges that the leasehold's fair market value would approximate $155,000. Encumbering this asset is a first mortgage whose outstanding principal balance totals only $52,000. If the owners had sold their interest in the property prior to the filing of Mr. Siegel's bankruptcy petition, they would have shared equity of approximately $103,000.

At this time, Mrs. Siegel is unwilling to join with the trustee in any conveyance of the property. Section 363(h) of the Bankruptcy Code generally authorizes the trustee to sell the interests of both the estate and co-owner, but only when "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." Mrs. Siegel insists that an involuntary sale would deprive her of the home that she has maintained for 22 years, and would relegate her to the use of proceeds which, after payment of taxes and partition with the trustee, would be inadequate to acquire a comparable residence. Apparently conceding that he cannot satisfy the prerequisites for a sale under section 363(h), the trustee has declined to request that this

Court compel such relief. The debtor asserts, therefore, that the estate may offer for sale only a right of survivorship. In his view, this right of survivorship has only a speculative value that is unlikely to exceed the debtor's homestead exemption.

Richard Siegel filed his petition for relief under Chapter 7 of the Bankruptcy Code on July 5, 1995. More than one year has now transpired since the trustee conducted the first meeting of creditors on August 24, 1995. The debtor contends that the trustee has had ample opportunity to liquidate the right of survivorship, and that the failure to effect a sale is itself evidence that that interest is of inconsequential value. For this reason, the debtor now seeks an order directing the trustee to abandon the property.

 In a Chapter 7 proceeding, the administration of assets is generally left to the sound discretion of the trustee. Setting forth the duties of a trustee is section 704 of the Bankruptcy Code, which commands that the trustee "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." Unfortunately, most estates will include assets that have little or no value upon liquidation. Moreover, some properties may even be burdensome to the estate. For these reasons, section 554 of the Bankruptcy Code permits the abandonment of assets. Subdivision (a) of this section allows the trustee to seek abandonment of property. The trustee's failure to administer an asset will, under subdivision (c), result in its abandonment upon closing of the case. Creating a limitation upon the trustee's discretion is subdivision (b). It provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

 Section 554(b) sets neither an effective date for the valuation of property nor a presumption derived from any delay in the trustee's administration. Rather, the movant must prove by a preponderance of evidence that the property has no greater than inconsequential value. In the balancing of burden and benefit, this Court must recognize that values are seldom static over time and circumstance. Even when the identification of an estate interest is fixed as of the date of bankruptcy filing, its value to the estate may fluctuate during the period of estate administration. More changeable still is the value of speculative interests, such as a survivorship right which may mature into fee ownership at some future date, perhaps even while the trustee continues his or her administration. Section 554(b) looks generally to value for the estate, without focus upon the immediacy of any return.

The joint ownership of property will always operate as a potential impediment to the sale of real property. Joint owners may disagree as to asking price, the terms and conditions of sale, the timetable for sale, marketing procedures, and perhaps even, as here, whether to sell the property at all. Unless parties maintain a spirit of cooperation and a shared vision of management, joint ownership will work to depress marketability. In most instances, prospective purchasers desire to acquire full title, not merely the privilege to share ownership with some unrelated party. Because the transfer of a joint interest normally requires consent of its owner, that joint owner may effectively frustrate the other joint owners from realizing their percentage interest in the full value of the property. Outside bankruptcy, a disgruntled co-owner may seek partition, but only pursuant to statutory authority which, in New York, excludes application to interests held by the entireties. *Ripp v. Ripp*, 32 N.Y.2d 755, 344 N.Y.S.2d 950, 298 N.E.2d 114 (1973), *aff'g* 38 A.D.2d 65, 327 N.Y.S.2d 465 (2nd Dept.1971). Within bankruptcy, the response is a sale under 11 U.S.C. § 363(h).

 Section 363(h) adopts the general rule that a trustee may sell both the interest of the estate and the interest of any co-owner in property. Unlike an action in New York for partition, section 363(h) permits even a sale of interests held by entireties. Obviously, such broad authority would have the potential to impair traditional spousal prerogatives. With concern for the implications of

this result, Congress included among the limitations of section 363(h) that the sale's benefit to the estate outweigh any detriment to the co-owner. Seeking to protect co-owner rights, this provision aims not to enhance the debtor's retention of assets. Rather, except as limited by such concerns as for that of a non-debtor spouse, the very purpose of section 363(h) is to minimize the risk that joint assets may be administered for less than their full value.

Because the trustee does not now seek authority for a sale under section 363(h), this Court need not consider the myriad of difficult issues that an application of that provision would require. Under what circumstances, if any, would the benefits of a sale outweigh the detriment to the non-debtor occupant of the residence? May the trustee constitutionally invoke this statute to effect the sale of an interest created in 1974, prior to enactment of the Bankruptcy Code? Would any such sale of an entirety interest violate prohibitions against unconstitutional takings? *Compare* the holding in *In re Persky,* 134 B.R. 81 (Bankr.E.D.N.Y.1991) *with* the arguably analogous facts in *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). As noted by the Court of Appeals in *In re Persky,* 893 F.2d 15, 16 (2nd Cir.1989), the Bankruptcy Reform Act of 1978 sought to eliminate the "settled expectation that when a husband or wife filed for bankruptcy the marital home they owned as tenants by the entireties would not be sold in the administration of the estate." Creating for the trustee a potentially powerful tool, section 363(h) may be subject to both statutory and constitutional limitations. These limitations, however, serve as a shield for the co-owner, not as a sword for use by the debtor.

■ In the present instance, the bankruptcy estate includes an undivided half interest in property worth more than $100,000. Having acknowledged a temporary restraint on a transfer of the whole property, the trustee must nonetheless seek to maximize the return for creditors. In the exercise of sound discretion, the trustee may consider either a discounted sale of the right of survivorship or a deferral of its sale until some occasion when the whole property might be sold. As to the first option, the debtor contends that the right of survivorship is fully exempt because its sale is likely to generate less than the $10,000 value of his homestead exemption. The error in this argument lies in the probability that any such sale would be subject to the debtor's homestead rights. If the right of survivorship should ever evolve into fee ownership, the purchaser of the trustee's interest would then need to account to the debtor for the value of the exemption. So long as the purchaser acquires only the debtor's non-exempt interest in the property, the trustee may freely attempt to market the purely speculative right of survivorship.

■ The second option for the trustee would be to defer a sale until some more opportune occasion. By its motion, the debtor proposes to set limits of time for the administration of assets. One might imagine circumstances in which a decision to defer action might compromise the debtor's entitlement to a fresh start or might otherwise constitute an abuse of the trustee's discretion. The question before this Court is whether any such concerns will create a proper predicate for the abandonment of assets. Although section 704 directs the trustee to close the estate "as expeditiously as is compatible with the best interests of parties in interest," nothing in section 554 creates an entitlement for abandonment due to delays in administration. To the contrary, section 554 contemplates the closing of an estate without abandonment of an interest that may, at some future time, mature into a valuable asset justifying the reopening of the case for further administration. Subdivision (c) of this section states that the closing of a case will constitute an abandonment of unadministered assets "unless the court orders otherwise." Pursuant to subdivision (d), "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

■ By accepting appointment, case trustees assume the duty to effect prompt administration through the exercise of sound discretion. The debtor has made no showing of a violation of this trust. For example, the debtor offers no proof of a purchase offer

that the trustee may have rejected improvidently. Surely this Court must accord some reasonable latitude to permit the trustee to weigh the certainty of an immediate but deflated return against the gamble that the estate's interest will mature into fee ownership rather than into no return at all. In any event, when a trustee fails to fulfill a responsibility, the appropriate recourse for a party in interest is to seek removal of the trustee. No such motion is now before the Court, nor does such a motion appear to be warranted. Under the present circumstance, the trustee's delay in effecting a sale will provide no justification for the abandonment of assets that should properly be preserved for the benefit of creditors.

Fundamentally, section 554(b) allows this Court to compel abandonment when property is burdensome or of inconsequential value or benefit. Thus far, the debtor has presented evidence that the Cuba Lake property has substantial equity in excess of liens. As to the estate's undivided half interest in that property, he has made no further demonstration of value. Because the burden of proof is therefore not sustained, the debtor's motion is denied.

So ordered.