In The Matter of Paul E. SZYMANSKI, Julie L. Szymanski, Debtors.

No. 05–16413.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

May 26, 2006.

Gregory Purvis, Indianapolis, IN, for creditor, Fifth Third Mortgage Company.

Yvette Gaff Kleven, Fort Wayne, IN, trustee.

### DECISION ON ORDER
### TO SHOW CAUSE

ROBERT E. GRANT, Bankruptcy Judge.

Debtors filed a petition for relief under chapter 7 of the United States Bankruptcy Code on October 11, 2005. Notice of this filing was served upon all creditors and parties in interest on October 14, which also advised them that a meeting of creditors had been scheduled for December 19, 2005. On November 8, 2005, Fifth Third Mortgage Company filed a motion for re-

lief from stay. Its counsel also served notice of the motion and of the opportunity to object thereto upon all creditors and parties in interest, advising them that objections had to be filed by November 23, 2005. *See,* N.D. Ind. L.B.R. B–2002–2. The trustee filed a timely objection to the motion and the court scheduled the issues raised for a trial to be held on December 7, 2005. *See,* 11 U.S.C. § 362(e). At trial the movant called no witnesses and offered no evidence. Instead, its local counsel argued that a filing which the debtors had made the previous day, titled "statement of position," indicating their concurrence with the creditor's request should somehow be determinative of the issue. Since counsel could not offer any convincing argument why, in relation to the trustee, the statement was nothing more than hearsay or why the debtors' opinion should bind the trustee, the court declined to receive that statement into evidence. Without any facts supporting the relief requested, the motion was denied. Furthermore, in view of the creditor's failure to present any evidence in support of its request, the court, on its own motion, scheduled a hearing to consider whether sanctions should be imposed upon the movant and/or its counsel for the time, expense, costs and attorney fees that had been devoted to the matter by the court and the trustee. This matter is before the court as a result of that hearing.

■■■ A court's most fundamental expectations of the attorneys who appear before it are to show up and be prepared. Thus, an attorney who fails to appear for proceedings scheduled because of something they have filed, or who appears but is substantially unprepared to participate in those proceedings, may be sanctioned either through the court's inherent authority or through Rule 16(f) of the Federal Rules of Civil Procedure. *See, G. Heile-*

*man Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 651–53 (7th Cir.1989); *Matter of Sanction of Baker,* 744 F.2d 1438 (10th Cir.1984); *Matter of Philbert,* 340 B.R. 886 (Bankr.N.D.Ind.2006). In bankruptcy cases this is true for both adversary proceedings and contested matters. *Philbert,* 340 B.R. 886.

■■■ The failure to be properly prepared is one of the things Rule 16(f) specifically identifies as the basis for sanctions, Fed.R.Civ.P. Rule 16(f), and this includes the failure to be prepared to proceed at trial. *Baker,* 744 F.2d 1438; *Philbert,* 340 B.R. 886. At least to the extent that the opposing party should be compensated for the costs and expenses incurred because of that failure, the rule is almost, but not quite, mandatory. Unless non-compliance was "substantially justified" or other circumstances would make an award "unjust," the non-defaulting party is entitled to reimbursement. As a result, the imposition of sanctions under the Rule 16(f) does not depend upon a finding of bad faith, willfulness, or contumaciousness. *Baker,* 744 F.2d at 1440–41. Negligence will suffice. *Id.* at 1441. *See also, Harrell v. U.S.,* 117 F.R.D. 86, 88 (E.D.N.C.1987); *Barsoumian v. Szozda,* 108 F.R.D. 426 (S.D.N.Y.1985). Ultimately, however, the decision to impose sanctions, as well as the nature of any sanction, is a matter committed to the court's discretion. *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit International, Inc.,* 982 F.2d 686, 692 (1st Cir.1993); *Heileman Brewing,* 871 F.2d at 655; *Baker,* 744 F.2d at 1440.

■■ Fifth Third filed a motion for relief from stay—a motion which the court is required to address with dispatch, 11 U.S.C. § 362(e)—to which the trustee objected. The court then issued a "Notice of Trial" scheduling "a hearing ... *to receive evidence and arguments* concerning the issues raised by the motion" and "the trus-

tee's objection thereto." Notice dated Nov. 28, 2005(emphasis original). When the case was called for trial the movant was not prepared to proceed. Despite the title of the notice and the emphasis it contained, Fifth Third had no witnesses to testify, no exhibits that could be authenticated or properly offered into evidence, and no stipulations of any kind with the trustee. Admittedly, it did show up for the trial—although only through local counsel and not the attorney who was responsible for filing the motion. While that is an improvement over what the court sees too frequently, and does count for something, it is not enough. Counsel must not only appear but must also be substantially prepared to proceed. Here the movant was not prepared to proceed at all. Consequently, unless that lack of preparation was "substantially justified" or other circumstances would make an award "unjust" the court may require Fifth Third and/or its counsel to reimburse the trustee for the reasonable fees and expenses the estate incurred in connection with the scheduled trial. Fed. R. Civ. P. Rule 16(f).

As an explanation or a justification for the movant's lack of preparation, counsel states that he did not expect that he would be required to present evidence in support of his motion because the trustee had not specifically denied any of the allegations it contained and had, instead, stated only that the § 341 meeting had not yet been held and that the trustee would like to conduct that meeting prior to considering abandonment of property from the estate. Consequently, counsel indicated that he did not believe that there was a dispute concerning any of the facts that were alleged in support of either relief from stay or abandonment of the property; therefore a witness was not necessary.

As an initial matter the court will suggest that it could place a lot more credence in counsel's explanation if a similar argument had actually been advanced at trial. It was not. *See, In re Ronco,* 838 F.2d 212, 218–19 (7th Cir.1988). At trial movant's local counsel never argued that the trustee's objection to the motion had the effect of admitting the allegations it contained. Instead, counsel argued that the debtors had admitted those facts, based upon the statement their counsel had filed the day before trial; local counsel's efforts at trial were directed to unsuccessfully offering that statement into evidence and trying to use it to bind the trustee. The court also thinks that movant's argument construes the trustee's objection too narrowly and that a better interpretation would be to construe it as denying the motion's allegations based upon a lack of knowledge, *see,* Fed.R.Civ.P. Rule 8(b), rather than admitting them because of a failure to deny. *Id.* at 8(c). That is the way the court interpreted it and, based upon the trustee's opening remarks at trial, that is certainly the way the trustee meant it. Nonetheless, despite any misgivings it might have, the court is willing to accept counsel's argument based upon the technical rules of pleading at face value. Accordingly, we should examine the allegations contained in Fifth Third's motion and ask whether, in light of the trustee's objection, if those facts are accepted as being true, the motion is sufficient to warrant the entry of an order terminating the automatic stay and abandoning the property in question, without further proof. If so, counsel's failure to present any evidence in support of the motion might be justified. If not, sanctions may be in order.

■ Rule 9013 required Fifth Third's motion to state both the relief sought and the grounds therefor with particularity. Fed. R. Bankr.P. Rule 9013. This is the same standard of detail the Federal Rules

of Civil Procedure demand when pleading fraud and satisfying it requires much more information than simple notice pleading. *Compare*, Fed.R.Civ.P. Rule 8(a) *with* Fed.R.Civ.P. Rule 9(b). *See also, Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469–70 (7th Cir.1999); *In re Minton*, 2006 WL 533352 *2 (Bankr.N.D.Ind.2006)(reader should not be left with any serious questions concerning what is to be done or why). The motion contained the following allegations:

1. That Fifth Third was a secured creditor with a lien upon property commonly known as 4525 Winding Way Dr., Fort Wayne, Indiana. As of October 28, 2005, the amount due stood at $148,102.12.

2. The debtors were delinquent in their payments to the creditor to the extent of $6,061.99 on account of monthly mortgage payments, late fees, miscellaneous charges, etc., from June 1, 2005, through October 1, 2005.

3. The creditor was seeking modification of the automatic stay, so that it could pursue foreclosure in rem.

Based upon these allegations, the creditor asked the court to relieve it of the automatic stay and abandon the property securing its claim from the bankruptcy estate. But, even when all of these allegations are taken to be true they do not state an effective claim for either relief from the automatic stay or abandonment. As a result, unless Fifth Third was able to provide the court with more facts at trial, it could not hope to succeed in the face of the trustee's opposition. *See, Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *In re Alam*, 314 B.R. 834, 837 (Bankr.N.D.Ga.2004); *Matter of Hunt's Health Care, Inc.*, 161 B.R. 971, 979 (Bankr.N.D.Ind.1993)(default judgment should not be entered if the facts alleged do not support the relief requested).

Property is only abandoned if it is burdensome or of inconsequential value and benefit to the bankruptcy estate. 11 U.S.C. § 554. As the movant, it was Fifth Third's burden to prove one of these two things. *Smoker v. Hill & Assocs., Inc.*, 204 B.R. 966, 975 (N.D.Ind.1997); *In re Dillon*, 219 B.R. 781, 785 (Bankr. M.D.Tenn.1998); *In re Siegel*, 204 B.R. 6, 8 (Bankr.W.D.N.Y.1996). Nothing about the motion suggests that the property is burdensome to the estate. As for being of inconsequential value and benefit, that conclusion is a function of the value of the property in relation to the amount due on account of the liens against it. *In re Brannan*, 5 B.R. 505, 506–07 (D.Virgin Islands 1980). To make the determination, the court needs to know not only the amount due on account of the liens and encumbrances against the property, but also the value of that property. *See, Smoker*, 204 B.R. at 975–76; *Brannan*, 5 B.R. at 507. While the allegations in the motion are quite specific as to the amount due Fifth Third, they say nothing about the value of its collateral. Consequently, even if true, the facts alleged in the motion do not warrant abandonment of the property securing movant's claim. In order to demonstrate entitlement to that relief, further information—evidence to be presented at trial—was required.

The same is true where the second aspect of the creditor's request is concerned—relief from the automatic stay. Relief from the automatic stay requires either some type of cause or proof that there is no equity in property. *See,* 11 U.S.C. § 362(d)(1), (2)(A). As with abandonment, it is the movant's burden to prove the lack of equity in property. 11 U.S.C. § 362(g)(1). The party opposing the motion has the burden of proof on all

other issues. 11 U.S.C. § 362(g)(2). Nonetheless, the automatic stay is not terminated just because a secured creditor wants the court to do so. If that were the case—if a creditor's desire was a sufficient basis to terminate the stay—there would be no need to seek an order from the court because the fact that relief had been sought would be all that was required and § 362(d)(2) would serve no purpose because the creditor's desire would always constitute cause under § 362(d)(1). *See, United Sav. Ass'n. of Texas v. Timbers of Inwood Forest,* 484 U.S. 365, 374, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988). Instead, if it is proceeding for cause under § 362(d)(1), the creditor is expected to articulate some type of reason that the automatic stay should be terminated, something that it should be protected against, and this requires something more than saying that it would like to proceed with foreclosure. *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Elmira Litho, Inc.,* 174 B.R. 892, 902–03 (Bankr.S.D.N.Y.1994). Once it has identified such a cause and given the court a reason to believe that its fears may be real, the burden is upon the party opposing the motion to prove that the creditor's fears are either unfounded or that they can be adequately protected against. *Sonnax,* 907 F.2d at 1285; *Elmira,* 174 B.R. at 902. All Fifth Third did here was state that it had a security interest in property and that the debtors had not been making payments. That is not enough to warrant relief from the automatic stay. *See, Timbers,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)(mere delay in being able to foreclose lien, without more, did not entitle creditor to adequate protection payments or relief from stay). *See also, In re Kessler,* 76 B.R. 434, 437 (Bankr. E.D.Pa.1987); *In re Tashjian,* 72 B.R. 968, 972–73 (Bankr.E.D.Pa.1987); *In re Capodanno,* 83 B.R. 285, 288 (Bankr.E.D.Pa.1988)(failure to make mortgage payments alone insufficient to obtain relief from stay). To justify that relief further information—evidence to be presented at trial—was required.

While the need to present evidence in support of Fifth Third's motion should have been apparent from the allegations in the motion itself, that need became blindingly obvious when the trustee filed her objection. Based upon the movant's interpretation of the objection, the trustee did not contest any of the motion's allegations but only raised the defense that the first meeting of creditors had not yet been held and that she should have the opportunity to conduct that meeting before the court considered whether movant's collateral should be abandoned. This is a correct statement of the law. The trustee is entitled to have a reasonable opportunity for investigation before property passes from the bankruptcy estate. *Matter of Trim–X, Inc.,* 695 F.2d 296, 299–300 (7th Cir.1982); *Stanolind Oil & Gas Co. v. Logan,* 92 F.2d 28, 31 (5th Cir.1937) *cert. denied,* 302 U.S. 763, 58 S.Ct. 409, 82 L.Ed. 592 (1938); *In re Paolella,* 79 B.R. 607, 610 (Bankr.E.D.Pa.1987). *See also,* 5 Collier on Bankruptcy ¶ 554.02[2] (15th ed. rev.2006). She had not had that opportunity here. The case was only one month old on the date she filed her objection to Fifth Third's motion. In order to overcome that objection and deprive the trustee of the opportunity for investigation, the creditor had to come forward with some kind of proof demonstrating why the trustee should not have that opportunity, such as that the creditor faced some type of risk or harm to its collateral if was required to wait. *Cf.* 11 U.S.C. § 362(f) (stay may be terminated without notice if necessary to prevent irreparable damage). There was no such proof, nor any effort to offer it. Fifth Third did not even identify the risk

to which it was being exposed. *See, Sonnax,* 907 F.2d at 1285; *Elmira,* 174 B.R. at 902–03; *Smoker,* 204 B.R. 966, 975; *Dillon,* 219 B.R. at 785; *Siegel,* 204 B.R. at 8.

■ Fifth Third's failure to offer any evidence in support of its motion for relief from stay was not substantially justified. Yet because of that motion the trustee was required to go to the trouble of preparing for and attending the scheduled trial; at a cost to the estate of $740.00, the reasonableness of which is not questioned. The court sees nothing unjust about requiring an attorney and/or a party who has caused its opposition to unnecessarily devote time and trouble to a matter to reimburse them for the reasonable value of their labors. In the court's opinion such a result is necessary, not only as a matter of economic and procedural fairness, but also in order to impress upon litigants the importance of being prepared for proceedings scheduled with regard to the things they file. Because Fifth Third and its counsel were both responsible for the decision not to present evidence at trial, they should be jointly responsible for payment of the amount due. *Baker,* 744 F.2d at 1442.

■ Rule 16(f) is not the only rule which has been violated by Fifth Third's motion. Rule 9011, the bankruptcy equivalent of Rule 11 of the Federal Rules of Civil Procedure, has been as well. Rule 11 imposes an affirmative obligation upon counsel to conduct a reasonable inquiry before advancing a particular position to the court. Fed. R. Bankr P. Rule 9011(b). *See also, Frantz v. United States Powerlifting Federation,* 836 F.2d 1063, 1064 (7th Cir.1987); *Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 751 (7th Cir.1988); *McGhee v. Sanilac County,* 934 F.2d 89, 93 (6th Cir.1991). This duty to make a reasonable inquiry extends not only to the claim being asserted but also to the existence of any obvious affirmative defenses.

*Matter of Excello Press, Inc.,* 967 F.2d 1109, 1112–13 (7th Cir.1992). *See also, F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1299 (5th Cir.1994). Here, without regard to the quality of counsel's investigation into the claims asserted in the motion for relief from stay, counsel made no effort to investigate the obvious defense that the trustee would and did assert—that she had not had a reasonable opportunity to investigate the situation. While the reasonableness of an attorney's pre-filing inquiry is based upon the circumstances of each case, *Mars Steel Corp. v. Continental,* 880 F.2d 928, 932 (7th Cir.1989)(en banc); *Fred A. Smith Lumber,* 845 F.2d at 751, nothing about this case warranted counsel's filing the motion without making some effort to inquire why the trustee should not have such an opportunity, and had counsel made such an inquiry he would have learned that there was no reason not to allow the trustee that opportunity. The only apparent justification for counsel's unseemly haste was that his client insisted that the motion should be filed right away. While it may well be that creditors often insist that their attorneys file motions for relief from the automatic stay and abandonment as soon as they receive notice of a bankruptcy, "[t]he importunities of a desperate client do not relieve an attorney of the affirmative duty of reasonable inquiry imposed by Rule 9011." *In re Villa Madrid,* 110 B.R. 919, 924 (9th Cir. BAP 1990). *See also, In re Brooks,* 305 B.R. 827, 829 fn. 2 (Bankr. N.D.Ohio 2004)("I have heard that mortgagees often grade their lawyers on how quickly they can have a Motion for Relief on file. . . . This Court assesses the lawyer's performance on whether it comports with Fed. R. Bankr.P. 9011.").

■ Once the court has found a violation of Rule 11, whether or not it imposes sanctions, together with the nature of any such sanction, is a matter

committed to the court's discretion. Fed. R.Civ.P. Rule 9011(c)("the court may … impose an appropriate sanction"). In fashioning an appropriate sanction, the court's primary goal should be deterrence. Fed. R. Bankr.P. Rule 9011(c)(2). *See also, White v. General Motors Corp. Inc.,* 908 F.2d 675, 685 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991); *In re Rimsat, Ltd.,* 229 B.R. 914, 921 (Bankr.N.D.Ind.1998), *decision aff'd,* 230 B.R. 362 (N.D.Ind.1999), *aff'd.,* 212 F.3d 1039 (7th Cir.2000). In view of the fact that counsel has never been sanctioned by any court and given the sanctions required by Rule 16(f), the court feels no further sanctions are needed in order to satisfy Rule 11.

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, Fifth Third Bank and its counsel shall, jointly and severally, pay the trustee the sum of $740.00. An appropriate order will be entered.