### In the Matter of Dawn Renee MOORE, Debtor.

### No. 10–14642.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

April 25, 2011.

Dawn Renee Moore, pro se.

Karen Lobring, Lobring & Associates LLP, Edinburgh, IN, for Wells Fargo Bank.

### DECISION

ROBERT E. GRANT, Chief Judge.

The debtor in this chapter 7 case is proceeding pro se. She entered into a reaffirmation agreement with Wells Fargo Bank with regard to an obligation secured by a motor vehicle, but she failed to appear for the hearing at which the court was to approve that agreement, *see,* 11 U.S.C. § 524(d), and so it was not able to do so. *See,* Order dated March 30, 2011. Wells Fargo then filed a motion for relief from the automatic stay and for the abandonment of its collateral from the bankruptcy estate. All creditors and parties in interest have been given notice of the motion and the opportunity to object thereto, *see,* N.D. Ind. L.B.R. B–2002–2, and no objections have been filed within the time required—with the exception of an objection from the debtor. That objection is the subject of this decision.

The court may relieve a creditor of the automatic stay for cause, including the lack of adequate protection, or where there is no equity in property that is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1), (2). Equity in this sense focuses on whether the property in question has value in excess of the amounts due on account of the liens

against it and any claimed exemption, so that its sale by the trustee would generate money for the payment of unsecured claims. *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1232 (7th Cir.1990); *In re Indian Palms Assoc., Ltd.*, 61 F.3d 197, 206–207 (3rd Cir.1995). *See also, In re White*, 409 B.R. 491, 495 (Bankr.N.D.Ind. 2009). Similarly, the court can order the abandonment of any property that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b). This too is determined from the standpoint of whether the property's sale would generate anything for the benefit of unsecured creditors. *See, In re Szymanski*, 344 B.R. 891, 896 (Bankr.N.D.Ind.2006).

Wells Fargo advances at least four reasons why it should be relieved of the automatic stay and its collateral abandoned: (1) the debtor is currently in default in her payments, (2) the court has not approved the reaffirmation agreement between it and the debtor, (3) since the petition the value of the vehicle securing its claim has declined and continues to decline, and (4) the value of that vehicle ($5,425.00) is less than the amounts due on account of its lien ($5,507.91), so that there is no equity the property and it is of inconsequential value to the estate. In her objection to the motion, the debtor challenges only one of these four grounds for relief: the claimed default. She argues that she is current in her payments under the terms of the parties' reaffirmation agreement and, despite a late payment in February, that she has the ability to continue making those payments.

 Accepting everything the debtor says as being true, and assuming that she is current in her payments to the bank, her objection fails to state a sufficient legal

or factual basis for denying the motion, because it does not address the bank's other three bases for relief or identify a sufficient defense to the motion. *See, White*, 409 B.R. at 494–96 (discussing the allegations necessary to state a claim for relief under § 362(d)); *Szymanski*, 344 B.R. at 895–97 (discussing burdens of pleading and proof in stay litigation). *See also,* 11 U.S.C. § 362(g) (party opposing a motion for relief from stay has the burden of proof on all issues other than equity). *Cf., In re Jones*, 591 F.3d 308, 311–12 (4th Cir.2010) (automatic stay is terminated when a debtor fails to perform its stated intent with regard to personal property); *Matter of Edwards*, 901 F.2d 1383 (7th Cir.1990) (debtor may not make payments and retain collateral absent reaffirming the debt or redeeming the collateral). Once the undisputed allegations which specifically demonstrate a lack of equity in the bank's collateral are accepted as true, *cf.* Fed. R. Civ. P. Rule 8(b)(6) (an allegation is admitted if it is not denied in a required response), all of the requirements of § 362(d)(2) have been satisfied and, in the absence of any identifiable defense, there is no reason not to grant the motion. *See, Vitreous Steel*, 911 F.2d at 1232 (Under chapter 7, there will be no reorganization so the only issue is the lack of equity in property.). Similarly, the undisputed allegation that the bank's collateral has declined and continues to decline in value suffices to demonstrate a lack of adequate protection, *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 370–71, 108 S.Ct. 626, 629–30, 98 L.Ed.2d 740 (1988), justifying relief under § 362(d)(1).

 In addition to the inadequacies in the content of the debtor's objection [1] is

---

1. The court is mindful that, as a pro se litigant, the debtor's filings should be construed with a degree of liberality. *Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir.2006);

*Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992). Nonetheless, giving a liberal interpretation to a filing does not permit the court to read into it something that is not even sug-

the fact that she lacks standing to oppose the bank's motion. Limits on standing are vital in bankruptcy and simply being a party to a bankruptcy case is not enough to give one standing to participate in every aspect of the proceeding or with regard to every issue that might arise. *Matter of Deist Forest Products, Inc.*, 850 F.2d 340, 341 (7th Cir.1988); *Matter of James Wilson Associates*, 965 F.2d 160, 168 (7th Cir.1992). In a Chapter 7 case, such as this one, the debtor has standing to object to relief from the automatic stay only in relatively limited circumstances, *see, In re Radcliffe*, 372 B.R. 401, 412 (Bankr. N.D.Ind.2007); *see also, Bank of America v. Bertka*, 2010 WL 2756964 (Bankr. E.D.Va.2010), and has no standing whatsoever to object to abandonment. *Behling v. M & I Marshall & Ilsley Bank*, 86 B.R. 144 (D.W.D.Wisc.1988); *Matter of Drost*, 228 B.R. 208 (Bankr.N.D.Ind.1998).

In this case, the deadlines for the debtor to perform her intention regarding creditors' collateral, *see*, 11 U.S.C. § 521(a)(2)(B), (6), and for creditors to object to the debtor's discharge, *see*, Fed. R. Bankr.P. Rule 4004(a), have all passed. Admittedly, the debtor has not yet received a discharge, but that is only because, despite two reminders from the court, *see*, Notice of Chapter 7 Bankruptcy Case, Deadlines, dated Oct. 26, 2010; Notice of Failure to File Certification, dated Jan. 19, 2011, she has not yet filed proof that she has completed the required course concerning personal financial management. *See*, 11 U.S.C. § 727(a)(11);

Fed. R. Bankr.P. Rule 1007(b)(7), (c). Had she done so, so that the clerk could issue a discharge, she could not possibly oppose the motion to the extent it is based upon a lack of equity under § 362(d)(2). *See e.g., In re Baker*, 2007 WL 4893517 (Bankr.N.D.Ind.2007). The court sees no reason why, if a debtor who performs its duties under the Bankruptcy Code and Rules of Procedure cannot oppose a motion for relief from stay, a debtor who fails to perform those duties, thereby delaying proceedings, would have standing the conscientious debtor lacks. *Cf.* 11 U.S.C. §§ 362(h)(1), 521(a)(6) (automatically terminating the stay as to personal property where debtor fails to timely perform its stated intention regarding a creditor's collateral).

■ When a creditor seeks relief from stay due to a lack of adequate protection or a lack of equity in property, the central issue involves a relationship (adequate protection, yes or no; equity, yes or no) between the creditor, its collateral, and the bankruptcy estate, which is administered by the trustee; it does not involve the circumstances existing between the debtor and the moving creditor.[2] The debtor's objection, which argues that she is current in her payments and has the ability to maintain the required payments, does not implicate the proper relationship. It raises issues that involve only the relationship between the debtor and her creditor, not the relationship between the creditor, its collateral and the bankruptcy estate.

gested by what has been said. *See, McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006); *Greer v. Bd. of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir.2001); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001).

**2.** If a creditor lacks adequate protection, the duty to provide it will be the responsibility of the trustee, using the resources of the bank-

ruptcy estate, not the Chapter 7 debtor. *See,* 11 U.S.C. § 361 (requiring cash payments or replacement liens); § 363(d)(2), (e) (restricting the trustee's use of property as necessary to provide adequate protection). Similarly, where the issue is a lack of equity under § 362(d)(2), the only purpose for the inquiry is to determine whether the property has sufficient value so that it should be sold by the trustee to help pay creditors.

While those issues would be relevant, and would give the debtor standing, if the deadline for performing the debtor's intentions regarding a creditor's collateral had not yet expired, once that deadline expires, so does the debtor's standing to oppose relief from stay. *See*, 11 U.S.C. §§ 362(h)(1), 521(a)(6) (automatically terminating the stay as to personal property where debtor fails to timely perform its stated intention regarding a creditor's collateral). This suggests that she does not understand the nature of stay litigation or the consequences of terminating the stay—something that is not too surprising given her pro se status. It is not an adjudication as to whether the debtor is or is not in default, or whether the creditor is or is not entitled to repossess its collateral. *Bertka*, 2010 WL 2756964. *See also, Vitreous Steel*, 911 F.2d at 1234 (the only issue decided under § 362(d)(2) is whether the creditor has a colorable claim to a lien upon property in which there is no equity). It is simply a determination that the automatic stay no longer serves a bankruptcy purpose. Any other issues can be litigated elsewhere. *Bertka*, 2010 WL 2756964; *In re Najafian*, 2010 WL 1840300 *3 (Bankr. E.D.Va.2010). *See also, Vitreous Steel*, 911 F.2d at 1238–39.

Debtor's objection to Wells Fargo's motion for relief from stay and abandonment is overruled[3] and the motion should be granted. An order doing so will be entered.

---

3. To the extent the objection also asks the court to reconsider its decision not to approve the reaffirmation agreement between the debtor and the bank, she has failed to offer any reason why the court should do so, and so that request is denied.