**In re W.G. WADE SHOWS, INC., Debtor.**

**Bankruptcy No. 97–16028–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 12, 1999.

Stephen R. Leslie, Stichter Riedel Blain Prosser, P.A., Tampa, Florida, for debtor.

T. Geoffrey Heekin, Jacksonville, Florida, for St. Paul Surplus Lines Insurance Company.

S. Hunter Malin, Jacksonville, Florida, Co-counsel for St. Paul Surplus Lines Insurance Company.

Leonard H. Gilbert, Tampa, Florida, for creditors Martin and Bessie Attabong.

## ORDER ON ST. PAUL SURPLUS LINES INSURANCE COMPANY'S MOTION FOR REHEARING OR, ALTERNATIVELY, MOTION FOR NEW TRIAL UNDER RULE 9023 OR, ALTERNATIVELY, MOTION FOR RELIEF UNDER RULE 9024 (DOC. NO. 170)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is the Motion for Rehearing or, Alternatively, Motion for New Trial Under Rule 9023 or, Alternatively, Motion for Relief Under Rule 9024 filed by St. Paul Surplus Lines Insurance Company (St. Paul) (Doc. No. 170). The Court reviewed the Motion and the record, heard argument of counsel and finds as follows:

On September 27, 1997, the Debtor filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. On June 17, 1998, this Court entered an Order confirming the Debtor's Amended Plan of Reorganization (Plan). The Plan provides for the payment of allowed claims in full without interest. The Plan was substantially consummated and on August 14, 1998, the Debtor filed its Application for Final Decree. The Final Decree was en-

tered and the case was closed on November 3, 1998.

Thereafter, on January 29, 1999, Martin and Bessie Attabong (Attabongs) filed their Motion to Reopen Case to Allow Late Filing of Proof of Claim or, in the Alternative, for Modification of the Permanent Injunction provided by 11 U.S.C. § 1141. After a hearing, this Court determined that the relief the Attabongs were seeking was in fact a modification of the permanent injunction to permit the Attabongs to proceed with and complete their pending lawsuit in the State Court of Michigan against the Debtor. On February 22, 1999, the Court entered an Order granting the Motion in part and modified the discharge injunction, allowing the Attabongs to proceed with their personal injury suit against the Debtor only as a nominal defendant to establish liability, which under Michigan law is a prerequisite to the right to seek recovery from the insurer of the defendant. The Order expressly precludes the Attabongs from seeking to collect or enforce any judgment against the Debtor or the Debtor's property. Further, the Order provides that the Debtor shall not be responsible for "any payment aspect of the personal injury suit," including costs of litigation.

In the instant Motion for Reconsideration, St. Paul contends that it was not given notice of the hearing on the Attabongs' Motion; it was not given the opportunity to be heard at the hearing on the same; its rights were directly affected by the hearing and, therefore, it was denied due process of law. St. Paul contends that had it been notified of the hearing, it would have presented evidence showing that the Debtor would have incurred expenses and would have to spend money if the Attabongs are permitted to go forward with their suit. This is so, according to St. Paul, because the Debtor is contractually obligated to defend the suit and if they do not, the insurance contract is breached and the claim of the Attabongs will not be covered. St. Paul contends that it has a contractual right to have its rights under the insurance contract adjudged, citing *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.1989). In addition, according to St. Paul, if the Attabongs are permitted to go forward with their claim, then the discharge injunction would have to be modified to permit St. Paul to seek a declaratory judgment to determine whether the St. Paul insurance policy covers the Debtor for the Attabongs' claim. St. Paul contends that the Debtor would be a necessary party and would be required to pay money in defense of the declaratory judgment action. Further, St. Paul contends that in any event the Debtor would necessarily incur the additional cost because it will have to pay its self-insured retention relating to the Attabongs' claim and would also likely face an increased cost of its premium.

In response, the Attabongs contend that: (1) St. Paul had no standing to appear at the hearing and, therefore, its due process rights were not violated; (2) St. Paul is attempting to secure a windfall from the Debtor's discharge by arguing that its right to assert coverage defenses necessitates the Debtor's expenditure of money to defend itself; and (3) permitting the Attabongs to continue the personal injury suit would neither prejudice nor cost the Debtor anything.

It should be noted at the outset that the original Motion filed by the Attabongs sought first an order reopening the closed case and an Order modifying the permanent injunction triggered by the entry of the Order of Confirmation of the Plan. While this Court considered the Motion and entered its Order modifying the permanent injunction, the Order did not deal with the Motion to Reopen thus the Order was entered in a closed case in which this Court no longer had any jurisdiction. Be that as it may, this Court is satisfied that it would be a waste of judicial resources to vacate the order and enter an order granting the Motion to Reopen and then reenter the very same Order which is under con-

sideration by the Motion for Reconsideration filed by St. Paul. For this reason this Court is willing to consider the merits of the motion filed by St. Paul.

■ Section 524(a) of the Bankruptcy Code provides,

A discharge in a case under this title ... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived ...

11 U.S.C. § 524(a). A discharge in bankruptcy and the injunction against subsequent actions are designed to give the debtor a "fresh start." A discharge will not act to enjoin a creditor from taking action against another who may also be liable to the creditor. *See Jet Florida*, 883 F.2d at 973. Additionally, § 524(a) does not, on its face, preclude the determination of the debtor's liability upon which the damages would be owed by another party. *See Id.*

■ The Motion for Reconsideration is not filed by the Attabongs nor by the Debtor, the only parties who were directly involved in the relief sought by the Attabongs. The Motion is a contested matter governed by F.R.B.P. 9014. While the Code requires a notice and hearing when the Court considers a motion for relief from the automatic stay, § 362(d), the Rule does not call for notice to anyone other than the party against whom the relief is sought. Stay litigation is not and was not designed to adjudicate anyone's substantive rights but merely to consider whether the protection granted by § 362(a) should continue to protect the debtor or property of the estate. If relief is granted it merely returns or sends the parties to a nonbankruptcy forum to litigate their claims and obtain an adjudication of their respective substantive rights.

Although in the present instance the protection is not by the automatic stay but the discharge injunction granted by § 1141 and § 524, the principles announced above are equally applicable. The Motion filed by the Attabongs did not seek any relief against St. Paul, the Order did not grant any relief to the Attabongs against St. Paul and contrary to the contention of St. Paul, did not directly or even indirectly consider and did not adjudicate the rights of the Attabongs to recover anything from St. Paul nor did it resolve the question whether the insurance contract issued by St. Paul covers or does not cover the claim of the Attabongs against the Debtor.

In the context of liability insurance, the tort plaintiff must first establish the liability of the Debtor before the insurer becomes contractually obligated to make any payment under the policy. This, of course, brings into play the protective provisions of Section 524(a) and whether it bars liability fixing suits even if the plaintiff has agreed not to seek recovery from the Debtor and to look solely to the insurance proceeds.

■ It is generally agreed that the scope of Section 524(a) does not affect the liability of the insurer and does not prohibit proceeding against the Debtor for the limited purpose to enable the tort plaintiff to establish liability. Section 524(a) clearly was not designed to exclude mere nominal liability. *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3rd Cir.1993); *Green v. Welsh*, 956 F.2d 30 (2d Cir.1992); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir.1991); *Jet Florida, supra*.

■ The "fresh start" policy of the Code was not intended to furnish a shield to third parties, in this instance to St. Paul, and to assist St. Paul to escape its obligations just because of the happenstance that its insured was a Debtor who obtained its discharge with the entry of the Order of Confirmation by virtue of Section 141. Such result would be fundamentally and patently unfair and wrong. See *Green, supra*.

St. Paul contends that if the plaintiff is entitled to recover a judgment against the Debtor this will ultimately harm the Debtor because the post-bankruptcy insurance premium will be doubled. The very same argument was flatly rejected by Judge Jones in the case of *Matter of Edgeworth,* 993 F.2d 51, 54 (5th Cir.1993) by stating that the higher insurance premium will not be the result of the plaintiff's recovery from the insurance company, but the result of the Debtor's actions that made the Debtor a greater risk. See Note 6 in *Edgeworth, supra* at 54.

Based on the foregoing, this Court is satisfied that St. Paul had no right to notice of the Motion to Modify the Automatic Stay and, therefore, its Motion for Reconsideration of the Order is not well taken. Considering the merits of its Motion as it relates to a request for new trial, this Court is equally satisfied it is without merit and, therefore, upon reconsideration, the same should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Rehearing or, Alternatively, Motion for New Trial under Rule 9023 or, Alternative, Motion for Relief under Rule 9024 filed by St. Paul Surplus Lines Insurance Company be, and the same is hereby, granted and upon reconsideration, the Order Granting Modification of Discharge Injunction is hereby affirmed.