**In the Matter of Kevin E. HEIN, Debtor.**

No. 05–42287.

United States Bankruptcy Court, N.D. Indiana, Hammond Division, at Lafayette.

March 1, 2006.

Kevin W. Marshall, Hammond, IN, for Debtor.

### DECISION ON RESPONSE TO OR-DERS ON SANCTIONS, DEBTOR'S MOTION TO RECONSIDER, AND DEBTOR'S MOTION TO WITH-DRAW PLAN

ROBERT E. GRANT, Bankruptcy Judge.

Debtor's counsel in this chapter 13 case, Kevin Marshall, failed to appear for a pre-trial conference held on February 7, 2006, with regard to a motion for relief from stay and abandonment filed on behalf of Wells Fargo Bank. The pre-trial had originally been scheduled for January 19, but was rescheduled at debtor's request because it conflicted with another matter on counsel's calendar. Because counsel failed to appear for a pre-trial that had been rescheduled to suit his convenience, the court was more than ready to grant the creditor's motion. Nonetheless, the chapter 13 trustee persuaded creditor's counsel to let the issue turn on the outcome of a confirmation hearing that had been scheduled for the next day. This was memorialized by the court's order of February 16, which indicated that the motion for relief from stay would be moot if the debtor's proposed plan was confirmed as a result of the upcoming hearing, but if the plan was not confirmed the motion would be granted. Given counsel's failure to appear, and the fact that the trustee was apparently required to do his work for him, the court on its own motion and pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, ordered counsel to show cause in writing why he should not be required to pay the reasonable attorney fees that had been incurred by both the creditor and the trustee as a result of the scheduled pre-trial.

Mr. Marshall also failed to appear for the hearing scheduled for February 8, 2006, at which the court was to consider confirmation of the debtor's proposed plan. By an order issued on February 17, 2006, the court explained why, although the trustee had recommended confirmation, due to a surprise amended plan that debtor's counsel filed on February 10, it could not confirm anything. Furthermore, because counsel's failure to attend the scheduled hearing apparently made the proceedings

in this case more complicated and time consuming than they otherwise needed to be, the court, on its own motion, ordered Mr. Marshall to show cause in writing why he should not be sanctioned as a result of his failure to appear on February 8, 2006. By a separate order, also issued on February 17, 2006, the court implemented its order of February 16, and, because a plan had not been confirmed as a result of the hearing held on February 8, 2006, relieved Wells Fargo of the automatic stay and abandoned the real estate securing its claim.

Debtor's counsel has now filed three things which are presently before the court. First, he has filed a response to the court's orders of February 16 and 17 directing him to show cause why sanctions should not be imposed. He has filed a motion asking the court to reconsider the order of February 17 granting Wells Fargo's motion for relief from stay and abandonment. Finally, he has filed a motion to withdraw the amended plan which was filed on February 10.

Counsel's response to the orders to show cause states that he did not intentionally fail to appear for the hearings held on February 7 and February 8. Although this statement is not completely accurate, the court is willing to accept it.[1] Counsel also suggests that if sanctions are to be imposed upon him "that they be ordered for stupidity rather than intentional conduct." (Response to Court orders, p. 2).

The court is willing to accept counsel's invitation. Stupidity—acting without sufficient forethought—is a legitimate basis for imposing sanctions upon an attorney. *See e.g., Smith v. Ricks*, 31 F.3d 1478 (9th Cir.1994). For example, the failure to appear for a scheduled hearing or conference is the basis for sanctions under Rule 16(f) of the Federal Rules of Civil Procedure and the imposition of sanctions under that rule does not depend upon a finding of bad faith, willfulness, or contemptuousness. *Matter of Sanction of Baker*, 744 F.2d 1438, 1440–41 (10th Cir. 1984). Negligence will suffice. *Id.* at 1441. *See also, Harrell v. U.S.*, 117 F.R.D. 86, 88 (E.D.N.C.1987); *Barsoumian v. Szozda*, 108 F.R.D. 426 (S.D.N.Y.1985). Similarly, the jurisprudence under Rule 11 does not exempt counsel from sanctions because of stupidity. Quite to the contrary, acting without thinking is the very basis for sanctions under that rule. *See, Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.1986). An empty head but a pure heart is no defense. *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir.1994); *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir.1987). In a like manner, whether sanctions are considered pursuant to 28 U.S.C. § 1987, 11 U.S.C. § 105, or the inherent power of the court, when the issue is whether counsel's actions

---

1. Counsel clearly knew that the court had scheduled matters in this case for February 7 and February 8. He simply chose not to appear because, among other things, he had a trial scheduled elsewhere for February 8. While the court may understand the difficulties created by the conflict in counsel's schedule, that does not change the fact that he made a conscious decision not to attend the hearing scheduled in this court for February 8 and made no arrangements for another attorney to appear in his stead. Counsel's approach seems to reflect the attitude that attendance at hearings is optional and the worst that might happen as a result of an attorney's absence is that the matter will be continued to a later date. Counsel had known about the fact that the court would be holding hearings in this matter on February 8 as soon as he received the court's order of December 29, 2005, scheduling a hearing on the trustee's motion to dismiss. If counsel had a conflict which would prevent him from attending that hearing courtesy, if nothing else, required him to promptly file a motion for continuance. *See,* N.D. Ind. L.B.R. B–5071–1(b).

have needlessly complicated or delayed the proceeding, the failure to consider before you act is not regarded as a defense. *Knepper v. Skekloff*, 154 B.R. 75 (N.D.Ind. 1993). Consequently, although counsel may not have intentionally failed to appear for the matters scheduled in this case for February 7 and 8, 2006, that does not insulate him from sanctions.

Counsel's response to the court's order to show cause has failed to demonstrate that his failure to appear for the pre-trial conference of February 7 was "substantially justified" or that there are "other circumstances" that would make an award "unjust." Fed.R.Civ.P. Rule 16(f). Where the confirmation hearing of February 8 is concerned, counsel's failure to attend has clearly complicated these proceedings. Issues that might very well have been over and done with had counsel chosen to participate still linger and have been magnified because he failed to do so. Further notices, further hearings, and further delays—all of which could be unnecessary— are the result. Actions which create such unnecessary costs and delays are clearly sanctionable, both in terms of expecting counsel to reimburse its adversary and, at least to some extent, the United States.

■ Debtor's counsel has failed to show cause why sanctions should not be imposed upon him as a result of his failure to attend the pre-trial conference and the confirmation hearing scheduled in this case for February 7 and February 8, 2006. He should be required to reimburse Wells Fargo and the trustee for the reasonable attorney fees and expenses they incurred as a result of preparing for and attending the pre-trial conference held on February 7, 2006. He should also reimburse the trustee for the reasonable attorney fees and expenses incurred in connection with preparing for and attending the confirmation hearing held on February 8, 2006. In order to compensate the United States of America for the costs he has unnecessarily imposed upon it and the additional time and attention he has required the court to devote to this case, thereby depriving other litigants of its attention, and to deter similar conduct, debtor's counsel shall pay the clerk of this court the sum of $250.00.

■ The second matter before the court is the debtor's motion to reconsider the court's order of January 17 relieving Wells Fargo of the automatic stay. Although the motion does not identify the procedural rule upon which it is based,[2] since it was filed within ten days of the order in question, it is treated as a motion to alter or amend filed pursuant to Rule 59 of the Federal Rules of Civil Procedure rather than Rule 60. *See, Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741, 744 (7th Cir.1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). Under either rule, the legal standard is much the same and such motions are addressed to the court's discretion. *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir.1992).

■ Reconsidering the order of February 17, 2006, relieving Wells Fargo of the automatic stay, would be a useless act which accomplished nothing. In the first instance, the order which the court has been asked to reconsider—the order of February 17—did nothing more than implement the order of the previous day, which was issued as a result of the pre-trial conference held on February 7. That order was quite clear as to what would

---

**2.** Counsel did not file a brief in support of this motion as required by the local rules of this court. N.D. Ind. L.B.R. B–9023–1(a).

happen if a plan was not confirmed on February 8: Wells Fargo's motion was to be granted. Nothing about the debtor's present motion is addressed to that issue or can change the fact that a plan was not confirmed as the result of the February 8 hearing. Consequently, even if the court were to grant the debtor's motion to reconsider the order relieving Wells Fargo of the automatic stay, unless the court was prepared to ignore its own orders and disregard what has taken place in this case, the court would immediately turn around and enforce the order of February 16, and, once again, relieve Wells Fargo of the automatic stay. The court should not have to engage in such a useless endeavor. *See, In re W.G. Wade Shows, Inc.*, 234 B.R. 185, 187 (Bankr.M.D.Fla.1999).

■ There is more behind the court's denial of debtor's motion to reconsider than just fidelity to the order of February 16. The Bankruptcy Code requires the court to deal with issues involving the automatic stay with dispatch. *See,* 11 U.S.C. § 362(e). Under the law that applies to this case,[3] the stay terminates automatically thirty days after a motion for relief from stay has been filed unless the court continues it in effect pending a final hearing. 11 U.S.C. § 362(e)(1). This is the reason that the pre-trial on Wells Fargo's motion was originally scheduled to be held in Fort Wayne rather than Lafayette where this case is pending. It is also the reason why the court's order granting debtor's motion for a continuance of the pre-trial conference included the statement that the automatic stay would remain in full force and effect pending further order of the court. Nonetheless, once the court holds that initial hearing it may only continue the stay pending the conclusion of a final hearing if it concludes that the party opposing the motion has a reasonable likelihood of pre-

vailing at the final hearing, which must itself be held within thirty days. Given counsel's absence from the pre-trial conference, the court has no basis upon which to conclude that the debtor might prevail if the matter were set for a final hearing sometime during the thirty days following the February 7 pre-trial. Thus, Wells Fargo would have to be freed from the automatic stay.

■ The third filing which is before the court is a motion to withdraw the amended plan filed on February 10. The order of February 17 indicated that the court would be scheduling that plan for a hearing and establishing a deadline by which objections to its confirmation were to be filed, thereby starting the confirmation process anew. Prior to confirmation the debtor is in complete control of the contents of its plan. Only the debtor may file a plan, *see,* 11 U.S.C. § 1321, and it may modify that plan anytime prior to confirmation. 11 U.S.C. § 1323. Consequently, there seems to be no reason why a debtor should not be allowed to freely withdraw a proposed plan if it no longer wants the court to consider confirming it. While this might be unnecessary if the debtor acts promptly enough, because the court's order scheduling confirmation proceedings specifically contemplates the possibility that the debtor might modify or amend its plan prior to confirmation and establishes procedures to deal with that possibility, *see e.g.,* Order Fixing Time to Object to Confirmation, Nov. 7, 2005, ¶ 4, the court cannot see any reason why the debtor should not be allowed to completely withdraw a plan, leaving nothing in its place. Accordingly, *debtor's motion will be granted,* although doing so apparently leaves this case with no plan pending before it. Accordingly, in order to avoid

---

**3.** This case was filed prior to October 17, 2005.

further delaying these proceedings the court will require the debtor to file any further plan within fourteen (14) days of this date, upon pain of dismissal. *See,* 11 U.S.C. § 1307(c)(1).

An appropriate order will be entered.