**In re Evelyn R. BROOKS, Debtor.**

**No. 03–56461.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Feb. 24, 2004.

D.C. Circuit Court in *Carpenter* and *Collins,*

Amy L. Arrighi, Cynthia A. Jeffrey, Lindsey I. Placko, Cleveland, OH, for creditors.

Warner Mendenhall, Akron, OH, for debtor.

### ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER DENYING MOTION FOR RELIEF

MARILYN SHEA–STONUM, Bankruptcy Judge.

On December 29, 2003, the Movant, Ford Credit Titling Trust, through its counsel Javitch, Block and Rathbone ("Javitch") filed a Motion for Relief from Stay (the "Motion for Relief") which was deficient because the attached exhibit that was identified as the Lease Agreement for an item in which the estate had an interest, a 2001 Ford Explorer, was unsigned.

respectively. See n. 14, immediately above.

On Motions for Relief from Stay, the Fed. R. Bankr.P. and the local rules are intended to, *inter alia*, assist movants in setting forth *prima facie* cases establishing their secured positions. An unsigned Lease Agreement is insufficient to assert that position and Movant did not make its *prima facie* case.

On January 23, 2004, in accordance with Administrative Order 03–07 (discussed below) the Court held a preliminary hearing on the Motion for Relief (the "Hearing"). At the Hearing, the Court denied the Motion for Relief and the Order was entered that day. The Order specifically identified the deficiency. On February 3, 2004, the Movant filed what it labeled a Motion to Vacate Order and for Reconsideration of the Order Denying Motion for Relief (the "Motion for Reconsideration") and attached the documents identified by the Court in its Order purporting to cure the deficiency.

■ To understand why the Court denied the Motion for Relief and is denying the Motion for Reconsideration, a review of the history of the processing of deficient motions for relief from stay in this Court location for a period of the 8 years from 1996 to 2004 is useful. In 1996 this Court, after specifically identifying the deficiency on the record, began denying motions for relief from stay that were deficient, without prejudice to the motion being re-set on the hearing calendar after it was corrected. This practice became onerous for the Clerk's office and the Court, *sua sponte*, developed a written "Notice of Deficiency." A copy of the last used form of that Notice is attached as Exhibit A to this Order. In 2001 the Court began issuing Notices of Deficiency as promptly as possible after the filing of such motion, detailing in writing the defect or defects that needed to be corrected by movant's counsel before the motion could be granted. The Notice of Deficiency was designed to remind counsel who had occasional lapses of what documents and information were necessary for the Court to receive and examine in order to grant an unopposed motion for relief from stay. The Notice of Deficiency tracks Local Rule 4001–1 "Automatic Stay-Relief From," last revised in this District on May 2, 2001.[1] These educational efforts have not resulted in increased levels of compliance with the filing requirements by several firms engaged in volume repre-

---

1. Local Rule 4001–1 reads as follows:

    (a) A motion for relief from the stay shall be served on the debtor, the debtor's counsel, the trustee, the trustee's counsel if appointed, and if applicable, upon any other parties asserting, having or claiming an interest in the property.

    (b) If applicable, the motion shall state the names and purported interests of all parties known, or discoverable upon reasonable investigation, who claim an interest in the property in question, and shall identify the property, and state the amount of the outstanding indebtedness and the fair market value of the property. The motion shall be accompanied by a legible and complete copy of all relevant loan and security agreements and evidence of perfection, unless such documents are voluminous. A copy of any prior orders of the Court upon which the motion relies shall be attached.

    (c) Unless otherwise ordered by the Court, LBR 9013–1, 9013–2 and 9013–3 are applicable to motions for relief from stay.

    In addition, in 1999 in an effort to aid practitioners in remembering to file all necessary information with their motions for relief, the Judges in this District published form worksheets for chapter 7 and chapter 13 motions for relief from stay. The forms can be found on the Court's website under Forms & Publications, Local Forms, District Wide, Standardized Forms (General Order 99–1). The Worksheet forms for chapter 7 and chapter 13 motions for relief are required to be completed and filed with the motions for relief from stay.

sentation of secured creditors. Indeed, efforts by the Court to encourage counsel's compliance appear to have caused practitioners to rely more on the Court's work than their own.[2]

In 2001 the Court issued 235 First Notices of Deficiency and 20 Second Notices of Deficiency. In 2002 the Court issued 312 First Notices of Deficiency and 43 Second Notices of Deficiency. In 2003 the Court issued 734 First Notices of Deficiency and 84 Second Notices of Deficiency. In May 2003 I announced at the White–Williams Seminar, the annual bankruptcy seminar co-sponsored by the Akron Bar Association and the Stark County Bar Association which draws more than 200 practitioners, that rather than continuing to issue an increasingly large number of Notices of Deficiency, I was considering denying motions for relief from stay that were deficient in situations where movant's counsel had been the recipient of a significant number of Notices. In August 2003 the Court began to track the deficient motions for relief from stay by counsel's name and/or law firm. Between August 1, 2003 and December 31, 2003, the Javitch law firm filed, in this court location alone, over 25 motions for relief from stay which were deficient. The Court notes that since 2001 Javitch has consistently had one of the highest percentages of Deficiency Notices re: motions for relief from stay at this Court location.[3]

On November 24, 2003, the Court entered Administrative Order 03–07 entitled "Change in Protocol for Internal Processing of Motions for Relief from Stay/Abandonment," alerting counsel to the fact that Notices of Deficiency would no longer be issued and stating that if:

> substantive non-compliance in a Relief/Abandonment Motion has been found and if such motion was filed by an individual attorney or law firm that has continually failed to follow filing requirements, a notation will be made on the docket that the preliminary hearing on the Relief/Abandonment Motion will be held as scheduled. The Relief/Abandonment will then be denied by Court order which will be entered after the preliminary hearing … has been held.

AO 03–07 at 1, ¶ 2. The Administrative Order further stated that as of December 1, 2003 a deficient Motion for Relief would be denied "without prejudice to the moving party being able to file a new Relief/Abandonment Motion with the payment of another filing fee." *Id.*

In its AO 03–07 the Court further stated:

> ██ that at least 26% of all Relief/Abandonment Motions filed in the Akron Bankruptcy Court location from January 2, 2003 through April 14, 2003 were deficient and [2] that the percentage of defi-

---

**2.** At various CLE programs I have heard that mortgagees often grade their lawyers on how quickly they can have a Motion for Relief on file. An example of what can happen when lawyers and clients act too quickly and without proper information is attached to this order as Exhibit B. This Court assesses the lawyer's performance on whether it comports with Fed. R. Bankr.P. 9011.

**3.** Other law firms such as Weltman, Weinberg & Reis and Lerner, Sampson & Rothfuss are also volume filers with high percentage rates of deficient motions for relief from stay. As

volume filers they would help themselves, their clients and the Court if they were to put procedures in place to review the motions for relief from stay before they are filed. Simply checking a Motion for Relief against the information noted as necessary in Local Rule 4001–1 or in the Notice of Deficiency form, supplied by the court from 2001 through 2003, to be certain that all the information and required documentation is included in the pleadings being filed with the Court would go a long way in curtailing the volume of deficient filings.

cient Relief/Abandonment Motions filed after April 15, 2003 has not decreased. AO 03–07 at 3. In addition, the Court noted that the need to issue such a large number of Notices of Deficiency has "taxed the Court's limited resource of personnel." *Id.* Administrative Order 03–07 is available on the Court's web site: *www.ohnb.uscourts.gov.*

Lawyers filing motions for relief from stay in this court location have had guidance from the Court on how to get it right for more than 8 years: 5 years of the Court identifying on the record the specific deficiency or deficiencies in their motions and permitting them to refile without paying another filing fee; 3 ½ years of written Notices of Deficiency being sent to counsel, again specifically identifying the deficiency or deficiencies; and 6 months of warning that an Administrative Order would be entered providing for the final denial of motions for relief from stay that were deficient. The Administrative Order was entered pursuant to the Court's ability, and indeed necessity,[4] to control its docket and to have lawyers filing at this Court location comply with Fed. R. Bankr.P. 9011 and Local Bankruptcy Rules 4001–1, 9013–1, 9013–2 and 9013–3.

■ Pursuant to the protocol adopted in AO 03–07, deficient motions for relief from stay are scheduled for preliminary hearing on Wednesdays at 9:35 a.m. or Thursdays at 3:05 p.m., depending on whether the case is a chapter 7 or a chapter 13. If deficient motions for relief from stay are not corrected prior to the preliminary hearing date, they will be denied. The docket is available on line for any practitioner's review.[5]

Instead of accessing the docket and correcting the deficiency in its Motion for Relief prior to the Hearing, or appearing at the Hearing, Javitch comes before the Court, after the Court identified the deficiency in its Order denying the Motion for Relief, on a Motion for Reconsideration, attaching the documents identified by the Court as necessary to cure the deficiency. Javitch's choice not to comply with local rules and procedures is not sufficient grounds to reconsider the Order. This Court has continually tried to be of assistance to all movants' counsel, hoping that the Notices of Deficiency would make counsel pay closer attention to their work product. Instead, the number of Notices of Deficiency has been rising rapidly and the Court is no longer willing to be the no harm/no foul correcting work products that do not afford all parties due process and/or conform to the local rules.

Finally, instead of basing its Motion for Reconsideration on the Rules of Bankruptcy Procedure 9023 or 9024, which incorporate Rules 59 and 60 of the Rules of Civil Procedure in bankruptcy cases, Javitch simply states "Ford was not aware that the copy of the Lease Agreement attached was unsigned upon filing of the Motion and if it had known would have amended the Motion accordingly." Motion for Reconsideration at ¶ 6. Javitch specified no grounds under either Rule to assist the

4. When the Court decided to begin issuing written Notices of Deficiency in 2000, 4,074 cases had been filed at this Court location during that year. By 2003 this number had risen dramatically to 6,912—an increase of almost 3,000 cases. The Court has finite resources that have remained constant as the case load has skyrocketed. Counsel's habitual filing of nonconforming pleadings that do not provide the evidence necessary to the granting of the relief sought in the motion is not a practice that can be enabled or tolerated by this Court. Asking a practitioner to be more careful or pay another filing fee after 8 years of attempted education and assistance by the Court is not onerous.

5. Through the web site this Court's docket is now searchable by case name. Any practitioner can access the docket and check to see if any of his or her motions for relief from stay are deficient and appear on the chapter 7 Wednesday docket at 9:35 a.m. or on the chapter 13 Thursday docket at 3:05 p.m.

Court in determining which provision Javitch might have relied on to bring the Motion for Reconsideration and there is no reason for the Court to speculate as to which provision Javitch imagines might apply.[6] Indeed, Ford's counsel who attached the unsigned copy of the lease is charged by this Court with the very knowledge that they now say Ford did not have. Ford may not have had that knowledge because Ford's counsel did not bother to review the document and inform the client of the problem.

Accordingly, the Motion to Reconsider is hereby DENIED.

**IT IS SO ORDERED.**

### EXHIBIT A

United States Bankruptcy Court,

Northern District of Ohio,

Eastern Division.

In re David Ebaugh, Debtor(s)

Case No. 03–53955

Chapter 7

Filed Sept. 15, 2003

Judge Marilyn Shea-Stonum

### *NOTICE OF DEFICIENCY*

Pursuant to Bankruptcy Rule 5005, the original of the motion seeking relief from the automatic stay and/or abandonment that was filed by Ford Motor Credit Company on September 12, 2003 (the "Motion"), has been accepted for filing, however, the Motion is deficient in the manner indicated below:

__X__ The Motion does not comply with Local Bankruptcy Rule 4001–1(b) as it is not accompanied by legible and complete copies of all relevant loan and security agreements and evidence of perfection regarding the collateral that is the subject of the Motion, specifically, the signatures on the Purchase Agreement are illegible.

6. Through its earlier procedures and, more recently, through its Notices of Deficiency the Court has been, in effect, "granting motions" under Fed. R. Bankr.P. 9024(b)(1) and allow-

__X__ The certificate of service attached to the Motion does not comply with Local Bankruptcy Rule 4001–1(a) as it does not evidence that service was made on the other parties that may assert, claim or have an interest in the collateral that is the subject of the Motion, **specifically co-borrower Megan King's name appears on the Purchase Agreement but she was not served.**

____ The certificate of service attached to the Motion does not comply with Local Bankruptcy Rule 4001–1(a) as it does not evidence that service was made on one or more than one of the following: debtor(s); debtor(s)' counsel; the trustee; the trustee's counsel, if appointed.

____ The certificate of service attached to the Motion does not comply with Local Bankruptcy Rule 9003–3 as it has not been signed and/or dated.

____ The Motion was not accompanied by a completed Form Notice [Official Bankruptcy Form 20A] as is now required by Administrative Order 03–02 [a copy of which is available under Judge Shea–Stonum's portion of the Court's web site: www.ohnb.uscourts.gov]. This Administrative Order requires counsel to "self-schedule" preliminary hearings on the Motion and, accordingly, the required Form Notice must include specific dates for the preliminary hearing and for objections.

____ There was no certificate of service attached to the Form Notice.

____ Other:

*Given the deficiency of the Motion, the time frame set forth in § 362(e) of the Bankruptcy Code will NOT begin to run and the Preliminary Hearing on the Motion (currently scheduled for October 8, 2003) will NOT be held unless and until all necessary amendments to the Motion have been filed with the Court.*

Please return a copy of this Notice of Deficiency with your amendment(s) for verification of compliance by NOT LATER THAN 15 DAYS AFTER ENTRY OF THIS NOTICE or the Motion *may be denied for a failure to prosecute.*

PLEASE NOTE THAT ¶5 OF ADMINISTRATIVE ORDER 03–02 REQUIRES THE FILING OF AN AMENDED FORM NOTICE IN CONJUNCTION WITH THE FILING OF ANY AMEND-

ing relief on the basis of mistake, inadvertence and/or excusable neglect for the last 8 years. AO 03–07 ended the Court's permissiveness on such matters.

MENTS INTENDED TO CORRECT A DEFICIENCY.

### EXHIBIT B

United States Bankruptcy Court

Northern District of Ohio

Eastern Division

In re Gene & Mary Ellen, Debtor(s)

Case No. 02-55546

Chapter 7

JUdge Marilyn Shea-Stonum

### NOTICE OF DEFICIENCY

Pursuant to Bankruptcy Rule 5005, the original of the motion seeking relief from the automatic stay and/or abandonment that was filed by BANK OF AMERICA MORTGAGE on December 16, 2002 (the "Motion"), has been accepted for filing, however, the Motion is deficient in the manner indicated below:

X   The Motion does not comply with Local Bankruptcy Rule 4001–1(b) as it is not accompanied by legible and complete copies of all relevant loan and security agreements and evidence of perfection regarding the collateral that is the subject of the Motion, *specifically, the failure to explain why copies of the Note and Security Agreement are "unavailable at the present time" especially given the allegation that the Security Agreement was filed with the Portage County Recorder's Office in April 1998.*

___   The certificate of service attached to the Motion does not comply with Local Bankruptcy Rule 4001–1(a) as it does not evidence that service was made on the other parties that were identified in the Motion as asserting, claiming or having an interest in the collateral that is the subject of the Motion.

___   The certificate of service attached to the Motion does not comply with Local Bankruptcy Rule 4001–1(a) as it does not evidence that service was made on one or more than one of the following: debtor(s); debtor(s)' counsel; the trustee; the trustee's counsel, if appointed.

___   The certificate of service attached to the Motion does not comply with Local Bankruptcy Rule 9003–3 as it has not been signed and/or dated.

___   Other: _____

*Given the deficiency of the Motion, the time frame set forth in § 362(e) of the Bankruptcy Code will NOT begin to run and a hearing on the Motion will NOT be set unless and until all necessary amendments to the Motion have been filed with the Court.*

Please return a copy of this Notice of Deficiency with your amendment(s) for verification of compliance by NOT LATER THAN 15 DAYS AFTER ENTRY OF THIS NOTICE or the Motion *may be denied for a failure to prosecute.*