**In The Matter of Jeffrey E. WHITE, Debtor.**

No. 09–11653.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

July 24, 2009.

D. Anthony Sottile, Reisenfeld & Associates, Cincinnati, OH, for BAC Home Loans.

Mark A. Warsco, Rothberg, Logan & Warsco, Fort Wayne, IN, trustee.

### *DECISION ON MOTION FOR RELIEF FROM STAY AND ABANDONMENT*

ROBERT E. GRANT, United States Bankruptcy Judge.

The matter before the court involves a motion for relief from stay and abandonment filed by BAC Home Loans in this chapter 7 case—a motion which the court is required to address with dispatch, 11 U.S.C. § 362(e)—to which the trustee has objected. Ordinarily, the court would schedule such a motion and objection for a prompt trial. In this instance, however, little purpose would be served by doing so because, even when all of the motion's allegations are taken as true, it fails to allege the facts necessary to entitle BAC to the relief it seeks.[1] Under these circumstances—where the motion does not allege facts justifying relief from the automatic stay—the court sees no reason to burden either the trustee or itself with an expedited trial. Instead, the appropriate course of action is to deny the motion.

In contested matters, such as the one currently before the court, relief is sought by motion. Fed. R. Bankr P. Rule 9014(a). Bankruptcy Rule 9013 requires this motion to state both the relief sought and the grounds therefor "with particularity." Fed. R. Bankr.P. Rule 9013. This is the same standard of detail the Federal Rules of Civil Procedure require when pleading fraud or mistake, *see,* Fed.R.Civ.P. Rule 9(b), and satisfying it requires much more information than the simple notice pleading of Rule 8. *In re Minton,* 2006 WL 533352 *2 (Bankr.N.D.Ind.2006) (reader should not be left with any serious questions concerning what is to be done or why). "A well-pleaded claim grounded on mistake should include averments of what was intended, what was done, and how the mistake came to be made." Wright & Miller, Federal Practice and Procedure: Civil 3d, Vol. 5A, § 1299, p. 264. To plead fraud with particularity requires allegations concerning the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which it was communicated to the plaintiff. *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir.1997); *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992); *In re Eisaman,* 387 B.R. 219, 222 (Bankr.N.D.Ind. 2008); In re *Chochos,* 325 B.R. 780, 783 (Bankr.N.D.Ind.2005). If the "fraud" complained of has a statutory basis, the complaint should contain allegations concerning the various elements of the statutory cause of action. *General Electric Capital,* 128 F.3d at 1079–80; *Chochos,* 325 B.R. at 783. But, conclusory allegations or the

---

**1.** The trustee's objection notes, among other things, that the motion fails to indicate the value of the property in question and, thus, at least to the extent it is based upon § 362(d)(2) and § 554(b), challenges the motion's sufficiency.

mechanical recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, — U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). The Supreme Court has made it clear that, while such allegations can provide "the framework of a complaint, they must be supported by factual allegations" for the complaint to be sufficient. *Iqbal*, 129 S.Ct. at 1950. Although the Court made these observations in the context of applying the general rules of pleading found in Rule 8 of the Federal Rules of Civil Procedure, if such allegations will not satisfy the requirements of Rule 8 they will not satisfy the more rigorous requirements of Rule 9(b).

■■■■ When these lessons from traditional civil litigation are applied to the motion practice in bankruptcy proceedings, they give greater substance to Rule 9013's requirement that the "grounds" for the relief sought be stated "with particularity." A proper motion will contain factual allegations concerning the various requirements necessary for the relief being sought. Conclusory allegations or a mechanical recitations of those elements will not suffice; the motion should allege facts supporting those conclusions or satisfying those elements. In other words, the movant should plead the essential facts that it expects prove at trial: facts that, if true, would make a prima facie showing that it is entitled to the relief it seeks.

■■■ The circumstances that justify relieving a party of the automatic stay are specified at § 362(d) of the United States Bankruptcy Code. 11 U.S.C. § 362(d). The court may do so "for cause, including the lack of adequate protection of an interest in property" or when the debtor "does not have an equity in [particular] property" that is "not necessary to an effective reorganization." 11 U.S.C. § 362(d)(1), (2). It may also do so if the petition was part of a scheme to delay or defraud creditors and involved either the transfer of interests in real property or the filing of multiple cases involving real property. 11 U.S.C. § 362(d)(4).[2] The movant bears the burden of proving debtor's lack of equity in property and the party opposing the motion bears the burden of proof on all other issues. 11 U.S.C. § 362(g). Nonetheless, before the opposing party can be expected or required to move forward on those issues, it is entitled to know what it is supposed to prove regarding adequate protection, the lack of cause to terminate the stay, or the absence of a scheme. How can a party prove that a creditor is adequately protected or the absence of any cause or scheme unless it knows what that creditor needs to be protected from, what the supposed cause might be or the nature of the scheme? For this reason, the movant is expected to articulate some type of cause for terminating the stay, or to identify something that it should be protected from, and then give the court a reason to believe that its fears may be real, before the opposing party is required to prove that the creditor's fears are either unfounded or that it can be adequately protected. *See, In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Szymanski*, 344 B.R. 891, 897 (Bankr.N.D.Ind.2006); *In re Elmira Litho, Inc.*, 174 B.R. 892, 902–03 (Bankr. S.D.N.Y.1994).

■■■■ In light of these requirements, in order to plead a prima facie case for relief from the automatic stay with the particularity required by Rule 9013, the movant must allege facts indicating that some kind

**2.** There is yet another basis for terminating the stay, which is found at 11 U.S.C § 362(d)(3), but it applies only to single asset real estate cases pending under chapter 11 and so has no application to a chapter 7 case, such as this one, involving an individual.

of cause exists for terminating the stay,[3] that it is exposed to some risk that it should be adequately protected from, or that it has an interest in property in which there is no equity. It should be remembered that these concepts—cause, lack of adequate protection, and no equity—are really legal conclusions derived from other, underlying facts, and so, consistent with *Iqbal,* the movant should allege those underlying facts and not just the conclusions it wants the court to draw from them. This means that the motion should plead facts that describe whatever cause it is the movant is complaining about and, if that cause is a lack of adequate protection, those facts should identify the risk that the movant believes threatens the value of its interest in property. See, 11 U.S.C. § 361; *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Assoc.,* 484 U.S. 365, 369–70, 108 S.Ct. 626, 629–30, 98 L.Ed.2d 740 (1988) (concerning the purpose of adequate protection). As for the question of equity in property, for the purpose of § 362(d)(2) equity is a function of the property's value, minus the amounts due on account of the liens and encumbrances against it, and any claimed exemption.[4] *In re Indian Palms Assoc. Ltd.,* 61 F.3d 197, 206–07 (3rd Cir.1995); *Matter of Sutton,* 904 F.2d 327, 329 (5th Cir.1990); *Szymanski,* 344 B.R. at 896; *In re Martin,* 350 B.R. 812, 817 (Bankr.N.D.Ind.2006). Consequently, in order to successfully plead a lack of equity, the movant must come forward with all of those facts—how much is the property worth, how much is owed on account of any liens against it and the amount of any exemption that may have been claimed by the debtor—and it must do so with particularity: a general allegation that there is no equity will not suffice.

■ The present motion makes the following allegations:

1. The debtor filed a petition for relief under Chapter 7 on April 21, 2009.

2. BAC holds the first, and only, mortgage against the property commonly known as 472 East 5th Street, Peru, Indiana, which secures a debt in excess of $46,463.41.

3. The debtor has defaulted in his payments to BAC, both prior to and since filing bankruptcy, and has not made payments for the months of October 1, 2007 to July 1, 2009.

4. The debtor is unable to make adequate protection payments and so BAC is entitled to relief from the stay.

5. Sufficient grounds exist to waive the requirements of Rule 4001(a)(3), which would otherwise stay the effectiveness of an order granting the motion.

Even when all of these allegations are accepted as true they do not state an effective claim for either relief from the automatic stay or abandonment.

To begin with, nowhere does the motion identify which of the various prongs of § 362(d) the movant is relying upon for the relief it seeks. Is it complaining about the lack of adequate protection or some other cause for terminating the stay under § 362(d)(1), or is it proceeding under § 362(d)(2) because of a lack of equity in the property securing its claim, or both? As for the requirements of § 362(d)(2) and

---

**3.** The "scheme" described in § 362(d)(4) is a species of cause under § 362(d)(2), rather than a completely separate basis for relief from stay, and so need not be discussed separately here.

**4.** The analysis for determining equity under § 362(d)(2) is the same as that needed to determine whether property is of inconsequential value and benefit to the estate for the purposes of abandonment under § 554(b). *Szymanski,* 344 B.R. at 896.

§ 554(b), the motion clearly fails to allege, with any degree of particularity, either a lack of equity in property or that the property is of inconsequential value and benefit. While it does allege the amount due on account of movant's lien, there are no allegations concerning the value of the property, and without information concerning value it is impossible to determine the question of equity or inconsequential value. As for alleging either cause or a lack of adequate protection under § 362(d)(1), the motion is similarly deficient. There are no allegations that would tend to suggest BAC's collateral is exposed to some type of risk for which it should be compensated or from which it needs to be protected, *see,* 11 U.S.C. § 361; *Timbers,* 484 U.S. at 369–70, 108 S.Ct at 629–30, and without alleging something about the risks it supposedly faces there can be no conclusion that there is a need for adequate protection. Unless there is first a need for adequate protection, there is no reason to conclude that it is lacking. As for the possibility that the motion is based upon the more general concept of cause, what is the cause that has been identified? Filing bankruptcy is not enough, neither is the creditor's desire to be freed from the stay, and, in a chapter 7 case such as this one, neither is the failure to make payments. *See, Szymanski,* 344 B.R. at 897; *In re Kessler,* 76 B.R. 434, 437 (Bankr.E.D.Pa.1987); *In re Tashjian,* 72 B.R. 968, 972–73 (Bankr. E.D.Pa.1987); *In re Capodanno,* 83 B.R. 285, 288 (Bankr.E.D.Pa.1988) (failure to make mortgage payments alone insufficient to obtain relief from stay).

BAC's motion fails to properly allege a basis either for relieving it of the automatic stay or abandoning its collateral because the motion lacks the particularity required by Bankruptcy Rule 9013. Since it fails to allege a sufficient basis for the relief it seeks, there is no reason to schedule further proceedings concerning either the motion or the chapter 7 trustee's objection thereto. Sadly, this motion is only one example of the ill-conceived, poorly considered, and hasty motions for relief from stay that have so burdened the bankruptcy courts in recent years. *In re Brooks,* 305 B.R. 827, 829 n. 2 (Bankr.N.D.Ohio 2004) ("I have heard that mortgagees often grade their lawyers on how quickly they can have a Motion for Relief on file.... This Court assesses the lawyer's performance on whether it comports with Fed. R. Bankr.P. 9011."). Such motions have prompted many courts to adopt local rules, promulgate general orders and devise local forms, all in effort to try get better and more precise information from movants early in the stay litigation process. *See e.g.,* Local Rule 4001–1 (Bankr.N.D.Ill.) (requiring all motions for relief from stay to be accompanied by their Required Statement form); Proposed Local Rule 4001–1 (Bankr.D.Minn.); Local Rules of Bankruptcy Procedure 4001–1 (Bankr. D.Ariz.); R.I. L.B.R. 4001–1 (requiring completion of local Form R). These efforts are understandable, especially given the speed with which stay motions are to be processed and the parties' respective burdens of proof. In another sense, however, they are also unnecessary. Even in the absence of local forms, guidelines, general orders, and rules, the particularity requirements of Rule 9013 already obligate movants to provide most, if not all, of the information sought by such local initiatives. Those requirements need only to be observed and, if necessary, enforced.

BAC Home Loan's motion for relief from stay and abandonment will be DENIED. An order doing so will be entered.