### In the Matter of Danielle CROSS.

No. 08–12574.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 20, 2010.

Earl Raskosky, Fort Wayne, IN, for Debtor.

Stephen Andrews, Bleecker Brodey & Andrews, Indianapolis, IN, for HSBC Mortgage Services, Inc.

### DECISION

ROBERT E. GRANT, Chief Judge.

Local bankruptcy rule B–4001–1(c) specifies the information that must be included in a motion for relief from stay filed in a chapter 13 case. N.D. Ind. L.B.R. B–4001–1(c)(1)–(6). The failure to provide that information may result in the motion being stricken or denied. *Id.* In part, the rule is little more than a restatement of the requirement that motions state the grounds for the relief sought "with particularity." Fed. R. Bankr.P. Rule 9013. *See also, In re White,* 409 B.R. 491 (Bankr. N.D.Ind.2009). To some extent, it is also an expression of Rule 11's duty to investigate. *See,* Fed. R. Bankr.P. Rule 9011(b). Finally, it also arises out of the demands created by the accelerated schedule for stay litigation. *See,* 11 U.S.C. § 362(e)(1). That schedule cannot easily accommodate discovery; so, by requiring the movant to place the information on which its motion is based in the motion itself, the local rule minimizes the need for discovery.

In this chapter 13 case, HSBC Mortgage Services filed a motion for relief from stay. The motion was largely (although not entirely) based upon an alleged post-confirmation payment default—a default the debtor denied. The motion does not even begin to comply with the requirements of local rule B–4001–1(c) and, given

the conclusory nature of many of its allegations and the general lack of particularity, may not even state a claim for relief. *See, In re White*, 409 B.R. 491 (Bankr. N.D.Ind.2009). Following a pretrial conference, the court issued an order requiring HSBC to show cause why the motion should not be stricken or dismissed due to the failure to provide the information required by local rule B–4001–1(c); in particular, the information required by paragraph (c)(6). After obtaining an extension of time, rather than doing what the court required and justify the original motion, *see, In re Scott*, 2007 WL 1555814 (Bankr. N.D.Ind.2007), counsel filed an amended motion for relief from stay, presumably to correct the deficiencies in the original filing.[1] Yet, the rule governing amended pleadings, rule 15 of the Federal Rules of Civil Procedure, does not apply to contested matters, *see*, Fed. R. Bankr.P. Rule 9014(c), and even if it did the time to amend as a matter of right had expired, *see*, Fed. R. Civ. P. Rule 15(a)(1)(A); so an amendment cannot be made without the court's permission. Since that permission was never sought or obtained, the amended motion may be disregarded. *See, Thomas v. U.S.*, 2010 WL 3908544 (W.D.Ark.2010) (amended complaint filed without leave stricken); *Carolina Buggy Tours, LLC v. Gay*, 2008 WL 2872208 (D.S.C.2008) (amended answer not considered due to failure to comply with Rule 15(a)(2)).

Given the amended motion, some might think we should just proceed from here, overlook the deficiencies in the original motion, and not complicate the matter by addressing the issues raised by the court's order to show cause or discuss compliance with its local rules. The court, however, feels differently. By viewing movant's conduct only in the context of a single case such a path is based upon a false economy; it would be penny-wise and pound foolish, so to speak, because it ignores the systemic impact of the lack of compliance. Procedural rules are designed to bring order and efficiency to the litigation process, and to strike a balance that makes the process as economical as possible for all concerned—trustees, debtors, creditors and the court. When they are observed, things can run very smoothly. If they are ignored, the balance they were designed to achieve is thrown off. Then, a process that was designed to be relatively simple and straightforward can become needlessly complicated and burdens that were allocated to one party are unnecessarily imposed upon another. When rules designed to systematize and simplify litigation are not enforced—often based upon the perception that it is quicker and easier in this one case to move forward than it is to address the lack of compliance—the court is actually rewarding misbehavior and, by doing so, unintentionally encourages more of it in future cases; multiplying the problems it creates. Moreover, the lack of enforcement also penalizes conscientious attorneys—the attorneys who take the time to familiarize themselves with the court's rules and to do what they require—by treating compliance and non-compliance identically. For example, if a motion is never stricken or denied because of the failure to include the information required by local rule B–4001–1(c), and is instead allowed to go forward just as a motion that includes all the required information, why

---

1. Assuming the amended motion contains the information required by local rule B–4001–1(c), the time movant needed to locate that information seems to justify the rule. It was not until two months after the original motion was filed and a month after the pretrial conference that HSBC was able to provide the basic information that should have been contained in the motion when it was first filed.

would any attorney go to the time and trouble of complying with the rule? If it is quicker and easier to cut corners than it is to do things correctly, unless there is some disincentive, people will tend to cut corners. *Cf., In re Brooks*, 305 B.R. 827, 829 n. 2 (Bankr.N.D.Ohio 2004) (mortgagees are rumored to grade lawyers on how quickly they get a motion on file, not on whether they comply with rule 11). The court has no desire to penalize the conscientious attorney or to encourage the careless one. So, despite the amended motion it will proceed with the inquiry initiated by the order to show cause.

HSBC's motion for relief from stay does not comply with local rule B–4001–1(c). The most obvious deficiencies would include: the balance due is not stated; neither is the date and amount of any post-petition payment; and no post-petition payment history has been provided. N.D. Ind. L.B.R. B–4001–1(c)(2), (6)(A). Although HSBC alleges there is no equity in the property, its motion says nothing about the claimed value for the property or the basis for that valuation. N.D. Ind. L.B.R. B–4001–1(c)(4). There is no itemization of any fees, expenses, or penalties claimed due and, despite the fact that the motion is based upon a post-petition default, no information concerning any post-petition payments or how they have been applied. N.D. Ind. L.B.R. B–4001–1(c)(6)(A), (B).

■ Given that HSBC has failed to justify its failure to comply with local rule B–4001–1(c), its motion for relief from stay may be stricken or denied. Because the mere filing of a motion for relief from stay can adversely affect the debtor's options, *see*, 11 U.S.C. § 109(g)(2) (eligibility for future relief limited if a debtor voluntarily dismisses a case after the filing of a motion for relief from stay), the court chooses to

strike the motion—so that it is of no effect. An order doing so will be entered.