**In the MATTER OF: Kevin L. WOEBBEKING, Debtor(s)**

**CASE NO. 09–10034**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed 09/18/2017

Frederick W. Wehrwein, Fort Wayne, IN, for Debtor 1

## DECISION AND ORDER

## ON MOTION TO RESTRICT ACCESS

Robert E. Grant, Chief Judge, United States Bankruptcy Court

At Fort Wayne, Indiana, on September 18, 2017.

The purpose of any request for relief, be it a complaint, a motion, or an application, is to clearly and concisely inform the reader what it is the filer wants and why they should get it. In the case of a complaint, that means "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," Fed. R. Civ. P. Rules 8(a)(2), (3); while a motion or application is to set forth the relief or order sought and the grounds therefor with particularity.[1] Fed. R. Bankr. P. Rule 9013. Where a motion to redact a filing containing personal information is concerned, one would think it would be comparatively easy to say something to the effect that:

> On the blank day of blank, so and so filed a motion to ___, which contained personal identifying information that, pursuant to ___, should be restricted from public access. The court should authorize the filing of an amended or redacted motion, redacting only the personal identifying information, and then restrict public access to the original filing.

Sandwich that kind of information between an appropriate introduction and a prayer or statement of the relief sought and you have quickly and efficiently told the reader what it is the court is being asked to do and why.

Sadly, that is not what the court usually sees. For some reason, those who regularly file this sort of thing have chosen to create a form that substitutes complexity for simplicity and confusion for clarity. This form has been circulated among and adopted by a number of institutional filers and their counsel so that the court sees it repeatedly, filed on behalf of a variety of creditors, from a variety of law firms.[2]

---

1. Particularity is not the same thing as verbosity. It requires only that the movant provide the factual details—the who, what, when, where, and why—of the claim being asserted. See, U.S. ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 376 (7th Cir. 2003) (citing DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)); In re White, 409 B.R. 491 (Bankr. N.D. Ind. 2009). See also, Fed. R. Civ. P. Rule 9(b).

2. There are those who can be more succinct, and do a much better job of observing both the letter and the spirit of the rules of plead-

That is what the court has received in this case.

Presently before the court is a motion to restrict access. Rather than clearly and concisely setting out what the movant wants and why, the motion is larded with so much irrelevant information that it takes six pages to say what could be better said in as many lines. Furthermore, the motion is also a study in how unhelpful acronyms, initialisms, or other alternate terms for something can be. Much like the wizards and witches in J. K. Rawlings' Harry Potter series, where Lord Voldemort is "He who must not be named," rather than stating what is actually being talked about, the motion creates and then uses terms like "PII"; "Designated Filing"; "Replacement Filing"; "GLBA" and "OCC". Such terms do little to enhance the reader's comprehension. See, Delaware Riverkeeper Network v. F.E.R.C., 753 F.3d 1304, 1321 (D.C. Cir. 2014) (The use of obscure acronyms, sometimes made up for a particular case, is an aggravating development ..."); U.S. ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 376 (7th Cir. 2003); Hon. Alex Kozinski, The Wrong Stuff: How You Too ... Can Lose Your Appeal, ("LBE's complaint more specifically alleges that NRB failed to make an appropriate determination of RTP and TIP conformity to SIP.... Even if there was a winning argument buried in the midst of that gobbledygook, it was DOA," 1992 BYU L. Rev. 325, 328 (1992). Those terms have been carried over into the concluding statement of the relief sought, so that the court is asked to

> enter an order: (i) directing the Clerk of the Court to permanently restrict remote electronic access to the Designated Filing; (ii) authorize Movant to file the Replacement Filing, and (iii) granting

ing, as demonstrated by a similar motion filed

such other and further relief as the court deems appropriate.

Lost in all of the obtuse verbiage is a single clear statement of just what the offending filing is or where it may be found. That critical information must be pieced together from statements made in two different paragraphs where the reader is first told that some kind of motion for relief was filed and then, two paragraphs later, when. The problems created by this style of pleading have then been compounded by movant's failure to tender a proposed form of order with the motion, see, N.D. Ind. L.B.R. B–9013–1(c), forcing the court to have (the opportunity) to create something appropriate.

The court has previously commented upon, lamented, and criticized this type of unhelpful pleading, see e.g., Matter of Bicker, 2015 WL 4909914 (Bankr. N.D. Ind. 2015); Matter of Jones, Case No. 12–40502, Decision and Order dated Aug. 10, 2015, Matter of Haverstock, Case No. 09–10915, Order to File Proposed Order dated Aug. 18, 2015; see also, In re Jewell, 554 B.R. 169 (Bankr. N.D. Ind. 2016); In re Angola Healthcare, LLC, 549 B.R. 886 (Bankr. N.D. Ind. 2016); Matter of White, 409 B.R. 491 (Bankr. N.D. Ind. 2009), all in the hope that the bar might improve upon what they do and learn how to better and more effectively explain what it is they are after and why; but to no avail. It seems no one is paying attention. The court continues to see much the same motion, filed by different lawyers on behalf of different clients, time after time: different filings, from different people perhaps; but still the same sad motion. Indeed, the present motion has been filed for the same institution, on precisely the same form, by the very same law firm as the motions discussed in Bicker and Jones. Someone, somewhere is not listening.

in this case by Codilis & Associates.

Given this lack of success, perhaps the court should yield; perhaps it should stop shouting into the wind and stop complaining about verbosity, unhelpful initialisms, alternative terms and just plain sloppy pleading. If that is the best the bar can do, or wants to do, so be it. The court is inclined to give the movant just what it has asked for; just as it has chosen to ask for it. The order would read:

> Movant's Motion is Granted. Movant is authorized to file the Replacement Filing and the Clerk of the Court shall restrict remote public access to the Designated Filing.

Such an order would be as useless as the motion's prayer. No one, including the clerk, would be able to determine from the text of this decision and order what the "Designated Filing" might be. See, Reytblatt v. Denton, 812 F.2d 1042, 1043 (7th Cir. 1987) ("The final judgment in a case should be complete and self contained."). See also, Fed. R. Civ. P. Rule 65(d)(1)(C) (injunction must "describe in reasonable detail – and not by reference to the complaint or other document – the act or acts restrained or required.").

█ Much as the court might like to follow its inclination and give the movant what it asked for, it cannot. There is an even deeper problem with the motion, a problem directly tied to the mindless use of forms and alternative terms. The motion has been filed by U.S. Bank, who is promptly identified and thereafter referred to as "Movant." The motion specifically alleges that "Movant originally filed the Designated Filing on . . . ." The problem is that U.S. Bank did not file anything in this case on that or any other date; the

present motion is the first thing U.S. Bank has ever filed. The "Designated Filing," to use movant's words, was made by an entirely different creditor and nothing in the present motion tries to tie that creditor to U.S. Bank or suggests how U.S. Bank may have succeeded to its interests or why U.S. Bank should be allowed to redact that creditor's filings.[3] Is this a typographical error, has the motion been filed in the wrong case, or is the bank trying to be a Good Samaritan and fix someone's else's oversight? The court does not know and, from the motion before it, cannot tell. What it does know is that it has been asked to allow the redaction of a particular filing made by a particular creditor on a particular day. That creditor made no such filing and so . . . the motion is DENIED.

SO ORDERED.

---

**3.** In light of the fact that the motion spends over two pages discussing movant's standing to seek redaction, the lack of any alleged link is curious. But that discussion is limited to the proposition that U.S. Bank has standing to redact its own filings (a proposition that does not seem to be subject to any real dispute); it does not address why it might have standing to redact someone else's.